## Barrett v. Leyman Motor Co.

Jan. 14, 1941.

James S. Shaw for appellant.
Wade & Mapother for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Julia Barrett purchased a used automobile from the Leyman Motor Company in August, 1937. She instituted this action in January, 1939, alleging that she had been induced to purchase the automobile through the false and fraudulent statements of the agents of the company as to its condition. She alleged that it was supposed to have been in good mechanical condition and free from all defects and that it carried a new car guarantee when in fact the company and its agents knew that the car was in an imperfect mechanical condition and needed repairs which greatly impaired its value. She sought to recover the amount she claimed she had paid out in repairs, and also the difference between what she paid for the car and what she contended its value to have been at the time the purchase was made. The first paragraph of the company's answer denied the allegations of the petition and the second paragraph set up the purchase contract, a copy of which was filed with the answer. In her reply the appellant admitted execution of the sales agreement, but denied that it was the entire agreement between herself and the company. She sought in her reply and amended reply to avoid the terms of the sales agreement on the ground of fraud. A demurrer was sustained to the reply as amended, and upon Julia Barrett's refusal to plead further her petition was dismissed. She is appealing from that ruling.

It can be seen that the sole question before us is, whether or not the allegations as to fraud were sufficient. The contract provided that the automobile was sold subject to no guarantee of any kind or character, and further "that there are no guarantees or representations, express or implied, not specified herein, respecting the automobile hereby ordered," and further "that no change, alteration, interlineation, or verbal agreement of any kind shall be effective to change, alter or amend the printed terms of this agreement, and no warranties are made as to year made, although expressly stated in bill of sale to be delivered under the terms of this contract." The parties to a contract are bound by it unless a signature was obtained by fraud, or the contract can be reformed on the ground of fraud or mutual mistake, or unless it is an illegal contract. Spotswood

& Son v. LaFayette Phoenix Garage, 207 Ky. 477, 269 S. W. 514; Hopkinsville Motor Co. v. Massie, 228 Ky. 569, 15 S. W. (2d) 423. The contract in question is not an illegal one.

The plea here is not for a reformation of the contract. Furthermore, there is no contention that it does not cover all of the points involved in the agreement between the parties. Instead the attempt is one to eliminate the "no warranty" provisions of the contract and to substitute therefor a new car guarantee. Under the circumstances it is necessary that we review briefly the charges of fraud set up in the reply and the amended reply. They are: The car was represented to be in good mechanical condition and free of all defects, and it carried a "new car guarantee"; the plaintiff examined and read all the terms and conditions of the contract and refused to sign it because it contained the provision that the car was subject to no guarantee, and that she then left the company's place of business and declined to purchase the car; the company did then expressly represent and warrant to the plaintiff that the written agreement was the only printed form in its possession and that it would be used as an application for the purchase of the automobile subject to be approved after plaintiff's financial credit was investigated; the company expressly represented that the provision waiving the guarantee was not to be relied upon; the company agreed orally to guarantee the car and to further treat the sales agreement as a credit application. The amended reply went further in that it alleged that the plaintiff signed a credit application and that she was then requested to sign another one for the files of the company; that upon examination she found the second form to be a sales contract (the one she signed); that plaintiff then refused to sign it until after the company expressly represented that it would be used only as a copy of the credit application for its files; and that the company knew that the automobile was in a defective condition and had just recently taken it back from its original purchaser because of such condition.

It is obvious from the foregoing that the appellant knew the provisions of the contract and the meaning thereof, because she read the contract and refused to sign it, so she alleged, until she was told that it would not be treated as a contract, but rather as an applica-

tion for credit. Under the circumstances can she now be heard to say that her signature to the contract was obtained through fraud on the part of the appellee? We think not.

The case of H. C. Whitmer Co. v. Jordan, 230 Ky. 710, 20 S. W. (2d) 714, 717, involved an attempted reformation of a written contract. In that case there was a written agreement between a wholesaler and a retailer as to the handling of merchandise. The agreement contained the terms of credit, discount and commission. The contract showed that credit was guaranteed by third parties. The wholesaler sued the retailer and his guarantors for merchandise delivered. The answer admitted the contract, but it was alleged that representatives of the wholesaler had agreed before the contract was signed that it would require the retailer to pay weekly, and that it would terminate the credit on default, and so notify the guarantors. The contract contained only an unconditional guarantee of the credit. This court reversed the judgment of the lower court in favor of the guarantors. In the Whitmer case, as in the case before us, there was no claim of the fraudulent obtention of signatures; there existed no confidential relations between the parties; and there was no showing of any unfair advantage taken of the guarantors in the former case, or the buyer in the case before us. In each case the parties read the contract and there was no misrepresentation as to the meaning of its terms. In the course of the opinion in the Whitmer case it was said:

"* * * At most, their evidence merely tends to show that they possibly relied on a contemporaneous oral promise, alleged to have been made by Denton on behalf of appellant, and which appellant did not keep. The rule on this subject is that, where there is no fraud or mistake in the preparation of an instrument, and it appears, as here, that the parties signing understood its language and purport, it cannot be reformed on the faith of a contemporaneous oral promise, which was not kept. 34 Cyc. 922; Smith v. Rust, 112 Ill. App. 84. * * *"

We think the reasoning in the Whitmer case is applicable to the case at bar, and for that reason the judgment should be, and it is, affirmed.