# Black Motor Co. v. Thomas.

Jan. 28, 1941.

J. B. Clarke for appellant.

Oscar P. Bond and Dixie Anna Bond for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

M. H. Thomas purchased a 1937 model Oldsmobile coupe from the Black Motor Company of Harlan, in January, 1938. The cash selling price of the car was $700. He traded in his old car upon which an allowance of $300 was made. Thomas did not pay cash for the car, but entered into a conditional sales contract with the Southeastern Sales Company of Harlan, which provided that the time price of the car should be $829.74. The sum of $529.74, the difference between the $300 allowed on Thomas' old car and the time price, was to be paid in 18 equal monthly installments. Among other things the sales contract provided:

"that seller or any assignee of seller is authorized to purchase fire, theft and such other insurance in such form and amounts as seller or such assignee may require relating to their and purchaser's respective interests in the property and to execute ap-

plications for such insurance if and when required; * * *''

"No warranties express or implied, and no representations, promises or statements have been made by seller unless endorsed hereon in writing. * * *''

A policy of insurance was issued by the General Insurance Company of America in favor of the Black Motor Company "and/or" M. H. Thomas, which, aside from collision insurance. provided $550 insurance against fire, lightning and transportation, and theft, robbery and pilferage for the first 12 months, and $300 for those items for the balance of the time. Thomas denied receiving a copy of the insurance certificate, but the proof shows rather conclusively that he was furnished with such a copy. It is not our view, however, that this question is material.

After Thomas had used his car for a little more than 12 months, it was stolen, wrecked and burned. The next day Thomas, a resident of Prestonsburg, wired the Black Motor Company and advised them that his car had been stolen. An insurance adjuster was sent to settle with him, but was unable to do so. Thomas contended that he was entitled to the full value of his car at the time of the loss. The Insurance Company was unwilling to pay anything in excess of $300 and finally paid that amount to the Black Motor Company, since the balance still owing by Thomas on the car was more than that amount. The action was first instituted against the Insurance Company, but later the Black Motor Company intervened and the case was tried out on Thomas' claim for $650 against the Motor Company, that amount representing the value placed by him upon the car at the time it was stolen. Among other things, the Motor Company set up that Thomas still owed it $323.73 on the car, and, in addition, a small account. After the issues were joined, proof was heard and the trial resulted in a verdict in favor of Thomas for $650 less the $340.13 owing by him to the Motor Company. This is a motion for an appeal from the judgment entered in Thomas' favor in the amount of $309.87.

Thomas says that agents of the Black Motor Company promised and agreed to procure insurance sufficient and suitable to cover the full value of the automo-

bile in the event of loss by fire, theft or collision, and that in consideration of said promise he paid to the Motor Company a sum sufficient to procure such insurance. The Motor Company insists that the sales contract contains all of the agreements entered into by it and Thomas, and that any verbal statements made during the negotiation of the transaction finally culminated in and were merged into this conditional sales agreement. There is no question of the obtention of a signature through fraud or a mistake as to the terms of the agreement. See Barrett v. Leyman Motor Company, 285 Ky. 110, 147 S. W. (2d) 51.

Thomas contends that the sole question involved in this litigation is the liability of the Motor Company upon its contract to furnish him with insurance to cover the full value of the automobile. It is his contention that the Motor Company was acting in the capacity of an insurance broker when, as he contends, it agreed to procure insurance on the car. Among the cases cited in support of this contention are Elam v. Smithdeal Realty & Ins. Co., 182 N. C. 599, 109 S. E. 632, 18 A. L. R. 1210; Gav v. Lavina State Bank, 61 Mont. 449, 202 P. 753, 18 A. L. R. 1204; Eastham v. Stumbo, 212 Ky. 685, 279 S. W. 1109. We are of the opinion, however, that the conditional sales agreement is conclusive of the agreement between the parties as to the purchase of the car on time. That agreement authorized the seller to purchase certain insurance as it might require relating to its and the purchaser's respective interests in the car. Barret v. Leyman Motor Company, supra, and cases cited therein. The Motor Company had something at stake as well as did Thomas. There was no agreement on the part of the Motor Company to act as an insurance broker for Thomas. We do not think that the cases relied upon by the appellee are in point. There was merely an authorization for the Company to secure insurance to protect itself as well as Thomas. So long as Thomas owed any balance on the car, the Motor Company had a direct interest in the insurance. It follows, therefore, that the court erred in overruling the Motor Company's motion for a peremptory instruction.

We conclude, therefore, that the motion for an appeal should be and it is sustained, and that the judgment should be and it is reversed with directions to set it aside and for proceedings consistent with this opinion.