# Saulsberry v. Saulsberry et al.

March 24, 1942.

H. R. Wilhoit for appellant.

John M. Theobald for appellees.

Opinion of the Court by Judge Cammack—Affirming.

W. F. and J. P. Saulsberry and their sisters, Betty Rupert and Charlotte Wilsch, are the joint owners of a large boundary of mineral lands in Carter County. These lands have been in the Saulsberry family for a number of years. For some 10 years prior to the institution of this action in March, 1939, J. P. Saulsberry operated the clay mines on the property under a lease from his brother and sisters. The joint owners had entered into a written contract in 1933 under which they agreed to hold the lands together as tenants in common. The contract also set out in some detail the manner in which the lands were to be held and operated. We quote the sections directly involved in this litigation:

(1) "Witness: that we hereby this act do bind ourselves, heirs and assigns henceforward and forever to the fulfillment of each and every condition as is hereinafter set out relative to the managing,

holding together, extending the bounds of and the intelligent development and marketing of the products and materials of value from the lands of the estate of the above named Jno. M. Saulsberry (deceased), said lands being situated on the waters of Little Sinking Creek in Carter County, Kentucky; and all agreements, rules or conditions incorporated herein shall govern the handling of said lands and any and all additional land or lands that might be acquired and added to the bounds of the lands of the aforesaid estate by and through the workings of this agreement or effects of this agreement.''

(2) ''That: In the event any subscriber hereto, their heir, heirs or beneficiarys should desire to sell their interest and rights in the aforesaid estate, land or lands acquired through and by the workings and effect of this agreement; they will first give the several remaining subscribers, their agents heir, heirs or beneficiarys refusal of equal proportionate shares of all such interests as they wish to make sale of; should either or any of the remaining subscribers, their agents, heirs or beneficiaries decline his or her proportionate share of such other interest as offered; then it will be the duty of those desiring to sell to continue to offer all unsold interest to the remaining subscribers hereto, their agents, heirs or beneficiaries, who then retain their interest, until all interest holders have had an opportunity to buy before those wishing to sell have any eight to make sale to outsiders.''

(3) ''Obviously, it is the hope, intent and purpose of the subscribers hereto to perpetrate the workings and effects of this agreement, over the estate, land or lands described above to our heir, heirs beneficiaries or assigns and their heirs, beneficiaries or assigns forever.''

When J. P. Saulsberry instituted this action to have the lands sold he made parties defendant his brother and sisters. Only W. F. Saulsberry answered. He resisted the sale of the property on the ground that E. L. Saulsberry, claimant of certain easements over the property, was a necessary party and that J. P. Saulsberry could not maintain the action because of the written partnership agreement, and an alleged oral agreement substantially to the same effect. The trial resulted in a judg-

ment ordering a sale of the lands with the condition "and that said land be sold for division of the proceeds, but in view of the easements, if any, over parts thereof claimed, and for the benefit of prospective purchasers, such sale shall be made subject to easements for constructing railroad siding, erecting tipple, scale house, stables, mine openings, ventilating and tram-road purposes on, in and over the following small parcels thereof."

In urging reversal the appellant is insisting that (1) E. L. Saulsberry, claimant of the disputed easements, was a necessary party to the suit; (2) the court should not have ordered the lands sold subject to the disputed easements; and (3) J. P. Saulsberry could not maintain the suit in violation of the partnership agreements.

We will discuss the first two grounds together. At the time this action was filed there was pending in the United States District Court for the Eastern District of Kentucky an action instituted by E. L. Saulsberry against J. P. and W. F. Saulsberry in which the plaintiff was seeking to have adjudged his right to certain easements over the lands in question. During the pendency of this action a judgment was entered in favor of E. L. Saulsberry, and W. F. Saulsberry, only, appealed to the United States Circuit Court of Appeals, Sixth Circuit. That appeal was pending when the judgment in the case before us was rendered. W. F. Saulsberry filed a plea in abatement in this action on the grounds that E. L. Saulsberry was a necessary party to the suit and that it should be abated until the easement questions were finally settled in the Federal Courts. We deem it unnecessary to enter upon an extended discussion of the question involved for the following reasons. W. F. Saulsberry did not supersede the judgment of the United States District Court, and furthermore, the appellees have filed a supplemental brief in this action which contains a copy of the judgment of the Circuit Court of Appeals, Sixth Circuit, affirming the judgment of the District Court in awarding the easements to E. L. Saulsberry. Saulsberry v. Saulsberry, 121 F. (2d) 318. W. F. Saulsberry superseded the judgment in the action before us, so the property had not been sold. Nothing could be gained now by deciding whether E. L. Saulsberry should or should not have been made a party to this action, since, as indicated,

it has already been adjudged that he was entitled to the easements claimed by him, and the judgment before us merely says, in effect, that if E. L. Saulsberry should be adjudged entitled to the easements the lands should be sold subject to them, and, of course, that is the way they will be sold.

We have noted that the appellant relies upon an oral partnership agreement in addition to the written one. Whatever oral agreements were made before the written instrument was executed in 1933 merged into that instrument. Barrett v. Leyman Motor Company, 285 Ky. 110, 147 S. W. (2d) 51; Hudson v. Howell, 288 Ky. 422, 156 S. W. (2d) 477. We find no proof supporting the contention that an oral agreement was made subsequent to 1933. Therefore, we will confine the remainder of our discussion to the written instrument.

The appellees insist that the written instrument contravenes Section 2360 of the Statutes. The appellant insists that it does not, and that it should be construed only as an agreement to postpone the partition of the lands and constitutes only a partial restraint upon the power of alienation. The statute in question provides:

"The absolute power of alienation shall not be suspended, by any limitation or condition whatever, for a longer period than during the continuance of a life or lives in being at the creation of the estate, and twenty-one years and ten months thereafter."

We think it is clear from the foregoing quotations from the agreement that the parties intended to bind not only themselves but their heirs and assigns forever to the ownership, management and control of the lands. The first and last paragraphs of the agreement expressly so provide. Furthermore, the writing clearly comes within the meaning of Section 2360 of the Statutes, because it refers to "any limitation or condition whatever." We think the restraint under consideration, even when considered in the light of the second paragraph of the quoted part of the agreement which relates to the selling of the interest of one of the joint owners, extends not only to the parties to the agreement, but that it was intended to run with the land forever. Such a restraint violates the statute in question because of the time element, as well as the limited restrictions of the right to sell. See Courts v. Courts' Guardian, 230 Ky. 141, 18 S. W. (2d) 957; Fox

136

v. Burgher, 285 Ky. 470; 148 S. W. (2d) 342, and cases cited therein. It follows, therefore, that the appellant's contention that J. P. Saulsberry could not maintain this action because of the violation of the partnership agreements is without merit.

Wherefore, the judgment is affirmed.