Charles F. Minor, Jr., Plaintiff-Appellant, v. Universal C. I. T. Credit Corporation, a Corporation, Defendant-Appellee.

**Gen. No. 48,040.**

First District, Third Division.

November 2, 1960.

Williston, McGibbon, Stastny & Borman, of Chicago (Joseph C. Stastny, of counsel) for appellant.

Olson and Hanelin, of Chicago (J. W. Olson, of counsel) for appellee.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiff appeals from a judgment on the pleadings in favor of defendant. The issue involved is the liability of an automobile finance company (as the assignee and holder of a conditional sales contract) for failure to renew insurance coverage on a car. Defendant arranged for insurance coverage upon the purchase of the car. The car was damaged in a collision and upon inquiry, plaintiff found that the insurance had expired and was not renewed. Defendant disclaimed liability, and this suit was brought. As the judgment is on the pleadings, we will state the essential facts contained therein.

Plaintiff alleges in his statement of claim that he acquired the car from the original purchaser on November 13, 1957. On June 9, 1958, he inquired of defendant whether he was protected by insurance against collision and was informed that he was so protected. Upon the happening of the collision on October 7, 1958, it was disclosed that the policy had expired on June 11, 1958. No notice had been given to plaintiff that defendant had failed to renew the insurance.

The answer sets forth the pertinent provision of the contract, a copy of which is attached thereto, and alleges that the insurance was placed as directed by the original purchaser; that plaintiff was fully cognizant of the terms of the policy; and that the original

331

of the policy was turned over to plaintiff by the original purchaser and a copy retained by defendant. It denies the allegation of the statement of claim that plaintiff had no notice of the expiration of the policy, denies that plaintiff had made any inquiry of defendant with respect to insurance, and disavows any duty to obtain insurance.

Plaintiff filed a reply to defendant's answer, in which he alleged he had no knowledge of whether the insurance had been placed as directed by the original purchaser. He averred that defendant had the option to place such insurance and that it had assumed the duty to do so. He denies that he was cognizant of the terms of the policy, that he was ever informed by any one of its terms, or that he was ever in possession of the original policy or a copy thereof until on or about October 20, 1958, after the collision, at which time he saw the policy in defendant's office.

In the foregoing summary it should be noted that there are three issues of fact: first, as to plaintiff's possession of the policy or his knowledge of its terms and expiration date; second, as to plaintiff's inquiry on June 9, 1958, when he says he was informed that he was protected; and, third, as to defendant's allegation that the insurance was placed as directed by the original purchaser.

■■ On a motion for judgment on the pleadings, the court may consider the material facts which are not denied, and if any material fact is made an issue, judgment on the pleadings cannot be entered. Williamson v. American Ins. Union, Inc., 284 Ill. App. 150, 1 N.E.2d 541. For our purpose, therefore, we must assume that plaintiff's well pleaded, factual averments on disputed issues are correct. Dryz v. Bol, 19 Ill. App.2d 406, 153 N.E.2d 859.

The principal issue turns on the construction of the following clause of the conditional sales contract:

"The car shall be at Customer's risk and shall during the term hereof be kept insured at Customer's expense in such form and against such risks and for such amounts as holder may require, the proceeds thereof to be payable as interests shall appear. Holder may, as creditor of Customer, purchase such insurance effective from the beginning of the term hereof and also at any time and from time to time thereafter, although nothing herein contained shall impose a duty upon the holder so to do."

Plaintiff and defendant were jointly interested in having the car insured, such insurance to be payable as their respective "interests shall appear; " that is to say, to the extent to which money was owing to defendant on the contract, defendant was protected, and the proceeds of any insurance over and above that amount were to go to plaintiff. It will be noted that the provision requires that insurance was to be carried on that basis "during the term hereof," meaning as long as anything was payable on the contract.

██ The next provision to be noted is that defendant had the option to place the insurance or to require plaintiff to do so. Certain advantages obviously accrued to defendant from the exercise of its option to place the insurance itself. It could select the insurer, and it could make certain that adequate insurance was carried. Accordingly, defendant did exercise its option and did procure insurance, but only until June 11, 1958. The term of the conditional sales contract had not expired at that time. With respect to insurance, the interests of defendant and plaintiff were mutual and joint. One was charged with the premium and the other, having exercised its option, was to arrange for insurance "as their interests shall appear." Defendant was thereupon bound to discharge that duty faithfully as a partner, joint obligee or agent

would have been required to do under similar circumstances. It is our opinion that a creditor in a conditional sales contract who exercises his option to purchase insurance jointly for himself and his debtor thereby assumes a duty to arrange for such insurance during the term of the contract or to notify the debtor that he desires him to carry his own insurance. Johnston v. Otta, 340 Ill. App. 270, 91 N.E.2d 468, 471; Schmidt v. Sinclair, 342 Ill. App. 484, 97 N.E.2d 129, 131; Warrener v. Federal Land Bank of Louisville, 266 Ky. 668, 99 S.W.2d 817, 820; Dahlhjelm Garages, Inc. v. Mercantile Ins. Co. of America, 149 Wash. 184, 270 Pac. 434, 436. The facts in the foregoing cases are not identical with the instant case, but they recognize the general principle.

In the instant case we also have a factual issue which if decided in favor of plaintiff establishes negligent conduct on the part of defendant, that is, the alleged failure of defendant, when inquiry was made on June 9, 1958, to tell plaintiff that his policy would expire on June 11, 1958. Being jointly interested with plaintiff in the insurance covering the car, it was defendant's duty to investigate and determine whether there was actual coverage and to ascertain from its own records that the insurance would expire on June 11, 1958, two days later, and under such circumstances to advise plaintiff of the imminent expiration of the policy.

One case cited by defendant, Black Motor Co. v. Thomas, 285 Ky. 267, 147 S.W.2d 696, appears to be contrary to our conclusion. There, the court gave no consideration to the assumption of a duty to insure, even though the option was exercised. That suit was in contract, and the court held that the literal language of the contract giving the creditor the option to arrange for insurance, gave it authority to purchase such insurance as it saw fit and no duty was owing to the debtor. We think our conclusion is more in ac-

cord with prevailing standards and precedents. The other cases cited by defendant are clearly distinguishable in their fundamental aspects.

The judgment is reversed and the cause is remanded, with directions to deny the motion for judgment on the pleadings, to try the issues, and for such other and further proceedings as are not inconsistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

McCORMICK and DEMPSEY, JJ., concur.