JOHN C. LAUE, Plaintiff-Appellee, *v.* NANCY J. LEIFHEIT, Defendant-Appellant.

Second District   No. 83—192

Opinion filed December 29, 1983.

938

Norman H. Racine, of Racine & Racine, and Peter Thomas Smith, both of Sycamore, for appellant.

Fearer & Nye, of Oregon, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:
Plaintiff, John C. Laue, sued the defendant, Nancy J. Leifheit, for

contribution under "An Act in relation to contribution among joint tortfeasors" (Ill. Rev. Stat. 1981, ch. 70, par. 301 *et seq.*) (the Contribution Act). Laue received a judgment of $52,800 and Leifheit appeals.

In a prior action based on negligence, the defendant here, Leifheit, joined with four other members of her family as plaintiffs, and all recovered from a truck operator, plaintiff here, John C. Laue, their respective damages for personal injuries suffered in a car-truck collision. Leifheit and Laue were the respective drivers. After verdict and judgment in that action, Laue filed the instant complaint for contribution by Leifheit to the damages paid by him to Leifheit's four family members. Laue filed a motion for judgment on the pleadings which was granted. Leifheit was ordered to make contribution to Laue of 33% of the damages which were paid by him to Leifheit's co-plaintiffs in the previous personal injury action. Thirty-three percent was the jury's assessment of Leifheit's comparative negligence in causing her own injuries in the prior action.

There are five issues on appeal: (1) whether Laue's separate complaint for contribution is barred by the Contribution Act and/or whether Leifheit waived this issue; (2) whether the doctrine of collateral estoppel precluded litigation of Leifheit's liability to her injured passengers; (3) whether the court erroneously denied Leifheit's motions to strike and dismiss the complaint; (4) whether the court erred in granting Laue's motion to strike explicit denials from Leifheit's answer; (5) whether the court erred in granting judgment on the pleadings.

■ Leifheit first contends Laue's failure to assert his claim for contribution during the pendency of the original action by way of counterclaim bars him from bringing the instant suit. In support, Leifheit cites a recent case which construes section 5 of the Contribution Act, *Tisoncik v. Szczepankiewicz* (1983), 113 Ill. App. 3d 240. Section 5 provides:

> "Sec. 5. Enforcement. A cause of action for contribution among joint tortfeasors may be asserted by a separate action before or after payment, by counterclaim or by third-party complaint in a pending action." Ill. Rev. Stat. 1981, ch. 70, par. 305.

*Tisoncik* interprets that section to mean that a contribution claim may be asserted by a separate action before or after payment in situations where no suit is pending which was initiated by the injured party. However, "when there is a pending action, the contribution claim should be asserted 'by counterclaim or by third-party claim' in

that action." *Tisoncik v. Szczepankiewicz* (1983), 113 Ill. App. 3d 240, 245.

The court pronounced its interpretation in the context of determining whether the sole remaining defendant against whom the jury's verdict was entered had standing to appeal the dismissal of its co-defendants, one by directed verdict and one at plaintiff's request. The court noted the general rule in Illinois that the only party who may appeal from a directed verdict in favor of a co-defendant is the plaintiff, and that the right to appeal exists only in favor of a party whose rights have been prejudiced by the judgment or decree appealed from. The court observed that the remaining defendant's right to contribution was not prejudiced by the court's dismissal of its co-defendant. The court determined that because defendant did not assert its right to contribution by counterclaim or third-party complaint in the cause below, the issues relevant to contribution were not resolved in that cause, thus defendant could not claim its interest in seeking contribution from the dismissed co-defendant was prejudiced and, therefore, had no standing to appeal the dismissal.

The *Tisoncik* court acknowledged the legislative history of the Act compiled by the Chicago Bar Association Civil Practice Committee wherein section 5 is described as being a restatement of Illinois law which gave the defendant the right to assume the posture that he is not liable at all, and to elect not to cross-claim lest he create the impression that he is liable. (*Tisoncik v. Szczepankiewicz* (1983), 113 Ill. App. 3d 240, 245-46.) Nevertheless, the court observed that the legislative debates preceding passage of the Contribution Act evidenced the concern of the legislators about increased litigation as a result of the Act. Consequently, the court concluded "the language and punctuation used in section 5 clearly indicate the legislative intent that where there is a pending action, the cause of action for contribution among joint tortfeasors is to be asserted by a counterclaim or third-party complaint in the pending action." 113 Ill. App. 3d 240, 246.

Our reading of the legislative debates in the House and Senate causes us to conclude that the *Tisoncik* interpretation gives unwarranted credence to the debate comments concerning increased litigation, and ignores the plain language of the statute.

The Act passed overwhelmingly in both the House (122 "aye," 6 "nay," 3 "present") and the Senate (39 "aye," 6 "nay," 5 "present"). Further, during his presentation of the bill, Representative Daniels was asked the following question:

"Kane: 'Is this a separate action from the original suit?'

Daniels: 'Yes, if [pause] if there is a dispute between [*sic*] the contribution, then there would be a separate action between the people that are responsible for the negligence or the damages or [pause] or monetary amount.' " Record of Proceedings of the 81st General Assembly, Reg. Session, 3rd reading in the House of S.B. 308, at 19 (June 14, 1979).

We conclude Laue's present cause of action for contribution is not barred, and that the *Tisoncik* interpretation is not applicable to the facts of this case and not controlling here. Further, we do not agree with Laue's contention that this issue was waived because the fact that Laue had not filed a counterclaim for contribution was raised in the pleadings below in Leifheit's motion to dismiss.

■ Leifheit next argues the doctrine of collateral estoppel was improperly applied here in granting Laue's motion for judgment on the pleadings. Briefly stated, collateral estoppel is invoked to prevent the relitigation of the same issue which was decided in a prior action and which issue is also material to the resolution of the present action. (*Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 433-34.) Leifheit points out these issues among others were determined in the prior action: (1) her conduct as an undue risk of harm to herself, (2) the causal relationship between her conduct and the injuries she sustained, and (3) the amount by which her damages should be reduced as attributable to her contributory negligence. She contends there are these different issues in the case at bar which should not be precluded from litigation by the collateral estoppel doctrine: (1) her liability to her passengers, and (2) her culpability, if any, relative to the culpability of Laue in causing her passengers' injuries.

At the hearing on the motion for judgment on the pleadings, Leifheit pointed out the jury's verdict as to comparative negligence related only to the degree to which she was responsible for causing her own injuries. That determination then established the percentage by which her recovery from Laue was to be reduced. The court responded:

"THE COURT: Well, it axiomatically follows if it contributed to her injuries, it would also contribute to the injuries of the other people in her car.

Perhaps the Appellate Court will take a different view of this. This has never been decided. I think it's a correct interpretation of the statute so these things don't go on in adfinitum [*sic*].

I think the factual issue of relative fault is what you're getting at here, was actually determined by this jury. Therefore,

I'm granting the motion for judgment on the pleadings, and we'll see what the Second District has to say, if you appeal."

■ The jury instructions from the trial below which were appended to Leifheit's motion to dismiss support her position here; that is, that the jury found her 33% negligent in causing her *own* injuries. The jury was instructed that each plaintiff had a duty to use ordinary care for his or her own safety, and that a failure in this regard was known as contributory negligence. The jury was also instructed the plaintiff's contributory negligence does not bar recovery, but that the total amount of damages would be reduced in proportion to the amount of his or her negligence, and that this was known as comparative negligence. Although the jury was instructed the rights of the five plaintiffs in the suit were separate and distinct and should be decided as if they were five separate suits, it was also instructed that "The issue of contributory negligence *does not apply* to the [passenger] plaintiffs, MARILYN J. LEIFHEIT, JASON O. S. THOMPSON, a minor child, CYNTHIA THOMPSON, and RONALD LEIFHEIT." (Emphasis added.) Consequently, the contributory negligence if any, of Leifheit's four passengers was never calculated as part of the total comparative negligence equation.

Laue argues the jury found both his and Liefheit's negligence contributed to the accident and that "just as clearly Leifheit owed a duty to her passengers to be free from negligence." He cites *Houser v. Witt* (1982), 111 Ill. App. 3d 123, and *Bielski v. Schulze* (1962), 16 Wis. 2d 1, 114 N.W.2d 105, in support of the proposition that a comparative negligence finding determines the distribution of liability for contribution purposes. However, as pointed out by Leifheit, in both those cases there was a counterclaim filed for contribution and the respective juries were thus presented with the question yet unresolved in the case at bar; to-wit: her liability to her passengers.

In *Houser*, the defendant Witt settled for $42,500 with the two plaintiffs, Dennis and Judith Houser, who brought suit for their personal injuries. Thereafter, Dennis voluntarily dismissed his suit for personal injuries, whereupon Witt amended his answer to allege comparative negligence and he included a counterclaim for contribution against Dennis. Specifically, Witt's "allegation of comparative negligence was based upon an inputation [*sic*] of negligence from Dennis to Judith." (111 Ill. App. 3d 123, 124.) The jury found the comparative negligence of Dennis and Witt to be 60% and 40%, respectively. However, the court directed a verdict in favor of Dennis on the contribution claim because there had been no apportionment of the settlement amount between Dennis and Judith; therefore, Witt could not show

that he had paid more than his *pro rata* share of the damages for Judith's injuries. The appellate court affirmed.

*Bielski*, a Wisconsin case, is distinguishable because the liability of the co-tortfeasor was litigated by virtue of the cross-complaint for contribution. In that case, plaintiffs, a husband and wife, sued defendant and his insurer for their injuries in an accident occurring between the cars driven respectively by the husband and the defendant. The defendant and his insurer then impleaded the husband's insurer and cross-complained for contribution. The jury found the husband causally negligent as to speed, apportioned 95% of the total causal negligence to the defendant and 5% to the husband. The wife was ultimately awarded $25,000 and the defendant's insurer obtained a judgment for contribution of $12,500 from the husband's insurer, from which judgment the husband's insurer appealed. The appellate court pointed out that the part of the case relating to the husband's recovery was not before it. The court found inequitable and unjust its then-present contribution rule ("automatic method of determining the number of equal shares between the number of joint tortfeasors"), replacing it with the method which determines the amount of the shares in proportion to the percentage of causal negligence attributable to each tortfeasor. (*Bielski v. Schulze* (1962), 16 Ill. Wis. 2d 1, 6-7, 114 N.W.2d 105, 107-08.) Accordingly, the court reduced the judgment for contribution against the husband's insurer to $1,250, which was 5% of the $25,000 judgment.

Although Laue suggests that *Bielski* supports his position because the contribution ordered to be paid by the husband's insurer was reduced to reflect the husband's 5% negligence, the fact nevertheless remains that the issue of contribution was raised by cross-complaint in that case.

We find of interest a law review comment which examined the Contribution Act. In *Comparative Contribution: The Legislative Enactment of the Skinner Doctrine*, 14 J. Mar. L. Rev. 173, 189 (1980), the author observed that:

"[T]he consequences of seeking contribution in a separate action may be so detrimental that it could force the contribution issue to be raised in the original action. *For example, the failure to assert either a third party claim or a counterclaim for contribution could result in the claimant being required to carry the entire burden of proof as to the negligence of each tortfeasor, and thus being forced to relitigate all the prior issues.* Additionally, if the defendant fails to assert a cross-claim, he may run the risk of being unable to appeal a ruling favor-

able to his co-defendant, and may find his subsequent claim barred by res judicata." (Emphasis added.)

Leifheit was a plaintiff in the cause below, not a defendant. Under the contribution statute, Laue could have counterclaimed against her for contribution. Laue's brief here indicates his strategy—and, he argues, his right—at trial in not counterclaiming in the original suit was to avoid evoking the jury's sympathy for Leifheit since a verdict against her could have resulted in her paying for part of her family's damages.

As Leifheit points out, the court in *Coney v. J.L.G. Industries, Inc.* (1983), 97 Ill. 2d 104, 122, observed several reasons for retaining joint and several liability even though under the doctrine of comparative negligence damages are apportioned according to each party's fault. One of those reasons was that apportioning fault on a comparative basis does not make an indivisible injury "divisible" merely because it is possible to assign a percentage figure to the relative culpability of one negligent defendant compared to another. Another reason, pertinent to the issue here, is that:

> "(3) Even in cases where a plaintiff is partially at fault, his culpability is not equivalent to that of a defendant. The plaintiff's negligence relates only to a lack of due care for his own safety while the defendant's negligence relates to a lack of due care for the safety of others; the latter is tortious, but the former is not." 97 Ill. 2d 104, 122.

Additional support for Leifheit's position on this issue is found in Woods, Comparative Fault sec. 20:21-22 (1978). There it is suggested that in two-car collisions, the guest will generally sue the other driver along with his host driver. When such a case is submitted to the jury on special verdict, the jury would be asked to determine whether the host driver was guilty of wilful and wanton conduct which was a proximate cause of the occurrence; whether the other driver was guilty of negligence which was a proximate cause of the occurrence; and whether the plaintiff was guilty of negligence which was a proximate cause of the occurrence. If there is more than one affirmative answer, the jury is asked to apportion the fault among the parties found responsible, using 100% to represent the total responsibility of the occurrence. Lastly, the jury is asked to state the amount of damages sustained by the plaintiff as the result of the occurrence.

In the case at bar, the 33% negligence attributable to Leifheit as a proximate cause of the injury to herself related only to a lack of due care for her own safety, and so the damages to which she would otherwise have been entitled ($60,000) were to be reduced by that

amount. We note here the court's judgment in the amount of $40,000 actually represents a 33⅓% reduction. No reason for the discrepancy is evident in the record on appeal.

In sum, we agree with Leifheit that she was improperly precluded from litigating the issues of her liability to her passengers and her culpability relative to Laue's. The jury's finding that 33% of the combined negligence which caused the damage to Leifheit was attributable to her does not translate to a judgment that she is therefore subject to liability in tort in that percentage as well. Consequently, for purposes of a contribution action, her liability "in tort" has never been established; only her lack of due care for her own safety.

Next, Leifheit argues the court erred in denying her motions to strike and dismiss Laue's complaint for contribution for failure to state a cause of action. She points out the jury's answers to the special interrogatories attached as exhibits to the complaint negate the allegations in the complaint that the jury's verdict found her negligence "to be thirty-three percent (33%) of the negligence that proximately caused the personal injuries in the accident ***." Rather, the exhibits show the jury found Leifheit's damages ($60,000) should be reduced by 33%, which the jury felt was the percentage of the total combined negligence which proximately caused the injury to her which could be attributed to her. The jury's verdicts found no negligence on the part of the remaining plaintiffs which would reduce their damages.

Laue offers no argument on this issue in his brief except to state that "it is natural justice here to find that the complaint states a cause of action for contribution based on the prior action ***."

A complaint is properly dismissed where the facts alleged in a complaint on their face demonstrate that the plaintiff would never be entitled to recover. (*Winnett v. Winnett* (1974), 57 Ill. 2d 7, 13.) Exhibits attached to a complaint are an integral part of the complaint and must be so considered. (*Fowley v. Braden* (1954), 4 Ill. 2d 355, 360.) They are a part of the pleading for all purposes. (*Theodosakis v. Austin Bank* (1981), 93 Ill. App. 3d 634.) Although generally a motion to dismiss admits all facts well pleaded, such a motion does not admit allegations of the complaint in conflict with facts disclosed in an exhibit. *Wilbur Waggoner Equipment Rental & Excavating Co. v. Johnson* (1975), 33 Ill. App. 3d 358.

The complaint at bar fails to state a cause of action for contribution in that it alleges no facts which, if proven, would establish Leifheit was "subject to liability in tort." The right of contribution exists where "2 or more persons are subject to liability in tort

arising out of the same injury to person or property ***." (Ill. Rev. Stat. 1981, ch. 70, par. 302(a).) Laue's complaint doe not allege Leifheit was negligent; to-wit: that she had a duty which she breached, which proximately caused the injury and which resulted in damages. (*Cf. Larson v. Buschkamp* (1982), 105 Ill. App. 3d 965, 966-67 (where counterclaim for contribution from minor plaintiffs' father alleged father was negligent due to driving at excessive speed, failing to keep lookout, failing to control vehicle, failing to apply brakes, failing to yield the right-of-way, failing to decrease speed to avoid a collision, and otherwise being negligent and careless in his conduct).) Laue's allegation that Leifheit's negligence was "thirty-three percent (33%) of the negligence that proximately caused the personal injuries in the accident" is inconsistent with the jury verdict attached to the complaint, and is not taken as true for purposes of a motion to dismiss. The verdict on its face showed Leifheit was 33% contributorily negligent in causing her own injuries, not 33% negligent in proximately causing the injuries of the other plaintiffs.

Leifheit's motion to strike and dismiss specifically pointed out the defects now raised on appeal, and it was error for the court to deny her motions. The facts set forth in Laue's complaint failed to state a cause of action for contribution.

Leifheit also contends the court erred by striking certain denials from her answer to Laue's complaint. Upon Laue's motion filed seeking relief under the false-pleading provisions of the Civil Practice Law (Ill. Rev. Stat. 1981, ch. 110, par. 2—611), the court struck three of the denials included in Leifheit's answer. She denied her negligence was 33% of the negligence that proximately caused the personal injuries in the accident, except as to her own injuries; denied the court reduced her damages by 33%; and denied that Laue had paid 33% more than his *pro rata* share of the common liability of himself and Leifheit.

Leifheit argues the court erred in striking these denials because a pleading, or portion thereof, may be striken only if "substantially insufficient in law" or "immaterial." (Ill. Rev. Stat. 1981, ch. 110, par. 2—615(a).) Additionally, she contends where the defendant by answer specifically and expressly denies essential material allegations in the complaint, it is error for the trial court to sustain a plaintiff's motion to strike those denials. In support, she cites *Williamson v. American Insurance Union, Inc.* (1936), 284 Ill. App. 150, and *Minor v. Universal C.I.T. Credit Corp.* (1960), 27 Ill. App. 2d 330. Those cases, however, were not concerned with striking untrue denials; rather, they stated the general rule that on a motion for judgment on the plead-

ings, the court may consider the material facts which are not denied, and if any material fact is made an issue, judgment on the pleadings cannot be entered. (*Minor v. Universal C.I.T. Credit Corp.* (1960), 27 Ill. App. 2d 330, 332.) Laue offers no argument in response to support the court's judgment.

The party seeking 2—611 relief has the burden of establishing both that the statements were untrue and that they were made without reasonable cause. (*Thorsen v. City of Chicago* (1979), 74 Ill. App. 3d 98.) If these requirements can be proved or rebutted on the basis of the pleadings or of the trial evidence, a separate hearing is not required. (*Grover v. Commonwealth Plaza Condominium Association* (1979), 76 Ill. App. 3d 500.) The court's order here recited Laue's motion to strike was heard and that it was "fully advised in the premises." Ordinarily, in the absence of a report of proceedings, it is assumed that the court's judgment was supported by the evidence and should be affirmed. *Peoria Savings & Loan Association v. American Savings Association* (1982), 109 Ill. App. 3d 1043.

Here, however, the pleadings and exhibits on their face rebut the presumption that the court's judgment was supported by the evidence. As stated previously, Leifheit's 33% negligence was contributory negligence as to her injuries. She had not been found liable in the prior action and so Laue could not have paid more than his *pro rata* share of a "common liability" which had not yet been determined. Further, the court's reduction of her damages from $60,000 to $40,000 represents 33⅓% reduction, not a 33% reduction. Consequently, Leifheit's denials were not untrue, and the court erred in striking them.

Lastly, Leifheit correctly states the rule that a motion for judgment on the pleadings may be allowed only when the court is able to determine the rights of the parties from the pleadings alone. (*In re Estate of Rettig* (1981), 100 Ill. App. 3d 653.) If any material fact is made an issue, judgment on the pleadings may not be entered (*Minor v. Universal C.I.T. Credit Corp.* (1960), 27 Ill. App. 2d 330), and denial of a material fact alleged in the complaint is, standing alone, sufficient to preclude judgment on the pleadings. (*Zipf v. Allstate Insurance Co.* (1977), 54 Ill. App. 3d 103.) A court may consider only those allegations contained in the motion for judgment on the pleadings which are admitted by the other party. *Rhodes v. Rhodes* (1967), 82 Ill. App. 2d 435.

Recently, this court has stated:

"A motion for judgment on the pleadings tests the sufficiency of the pleadings by determining whether the plaintiff is entitled

to the relief sought by his complaint or, alternatively, whether defendant by his answer has set up a defense which would entitle him to a hearing on the merits. [Citations.] The motion must be denied if there is any material issue of fact; furthermore, the motion admits the truth of the facts well pleaded by the opposite party. [Citation.] In addition, the moving party admits the untruth of his own controverted allegations. [Citation.]" *Hartlett v. Dahm* (1981), 94 Ill. App. 3d 1, 3.

Laue does not dispute these principles, but only refers back to *Bielski v. Schulze* (1962), 16 Wis. 2d 1, 9, 114 N.W.2d 105, 109, where it is stated:

> "If the doctrine [of contribution] is to do equity, there is no reason in logic or in natural justice why the shares of common liability of joint tortfeasors should not be translated into the percentage of the causal negligence which contributed to the injury."

Laue contends it is "natural justice" to find the complaint states a cause of action for contribution, and because Leifheit's denials were untrue and properly stricken, there was no fact disputed and the case "boiled down to a legal question."

■■ Even assuming, *arguendo*, the denials were properly stricken, and without even considering Leifheit's answer, the complaint and its exhibits themselves contradict each other as to the same material facts which were denied by Leifheit. The verdicts attached to the complaint as exhibits do not show Leifheit's negligence was 33% of the negligence which proximately caused the personal injuries in the accident; they do not show her damages were reduced by 33%; and they do not show she had any common liability with Laue toward the other plaintiffs. As such, the pleadings did not establish Laue's right to contribution as a matter of law, and it was error for the court to enter judgment on the pleadings.

The judgment of the circuit court of De Kalb County is reversed and the cause remanded for dismissal of the complaint for failure to state a cause of action.

Reversed and remanded with directions.

HOPF and NASH, JJ., concur.