RUSSELL OGG, Special Adm'r of the Estate of Jana Louise Welch, Deceased, Plaintiff, v. COAST CATAMARAN CORPORATION, Defendant and Petitioner-Appellant, (Philip Henrici, Defendant and Respondent-Appellee).

Fourth District No. 4—85—0546

Opinion filed February 25, 1986.

Grady E. Holley, of Holley, Keith & Mehlick, of Springfield, for appellant.

Charles J. Gramlich and Daniel C. Lanterman, both of Gramlich Law Offices, of Springfield, for appellee.

JUSTICE WEBBER delivered the opinion of the court:

This appeal presents a sequel to the tragic accident whose facts were set forth in our prior opinions in *Ogg v. City of Springfield* (1984), 121 Ill. App. 3d 25, 458 N.E.2d 1331, and *Ballweg v. City of Spring-*

*field* (1984), 130 Ill. App. 3d 241, 473 N.E.2d 342. Since it concerns only pleading and procedure questions, no factual recitation is necessary. The questions presented represent an interplay between the recent developments in the law of contribution and comparative negligence.

In the underlying lawsuit, Russell Ogg, as special administrator, sued the city of Springfield (city), Coast Catamaran Corporation (Coast), and Coleman Company, Inc. (Coleman), for the wrongful death of his daughter, Jana Welch. The theory asserted against the city was that of negligence and against Coast and Coleman that of strict liability. The city filed a third-party complaint against Philip Henrici for contribution. Other contribution claims were also filed but are not involved in this appeal.

Henrici, who was injured in the same accident, filed a counterclaim against the city, alleging negligence, and against Coast and Coleman, alleging strict liability.

All of the claims and counterclaims were tried in the same action before a jury in the circuit court of Sangamon County. The jury returned general verdicts in favor of Ogg and against all defendants in the sum of $100,000 and in favor of Henrici and against all counterdefendants in the sum of $175,000.

Because of the complex nature of the case, the parties agreed to give the jury what the court called a "special interrogatory." The "special interrogatory" with the percentages of fault as determined by the jury reads as follows:

"Assuming that 100% represents the total of the proximate causes of the occurrence; what percentage, if any, is attributable to the following:

| JANA LOUISE WELCH | 0% | as a proximate cause |
|---|---|---|
| PHILIP HENRICI | 50% | as a proximate cause |
| CITY OF SPRINGFIELD | 30% | as a proximate cause |
| COAST CATAMARAN CORP. | 10% | as a proximate cause |
| COLEMAN COMPANY, INC. | 10% | as a proximate cause |
| OTHERS | 0% | as a proximate cause |
| | 100% | Total proximate cause." |

The trial court noted the jury's findings with respect to the "special interrogatory" on the docket and entered judgment on the verdicts.

Post-trial motions were filed by all parties. Henrici's motion requested that the court enter judgment in his favor on the city's third-

party complaint against him for contribution.

In a letter to the trial court, the attorney for the city stated that the city "is entitled to reduction in Henrici's case and by contribution from Henrici in the Ogg case should Ogg pursue satisfaction against the City of Springfield." The letter went on, requesting that "the judgment in favor of Phillip [sic] Henrici reduced by 50% or contribute 50% to the Ogg case should satisfaction against the City be sought."

The rulings on the material motions may be summarized as follows: judgment in favor of Henrici and against Coast and Coleman in the amount of $175,000; judgment in favor of Henrici and against the city in the amount of $87,500; judgment in favor of Ogg and against all defendants in the amount of $100,000.

The city paid the Ogg judgment in full and assigned to Coast any judgment or claim for contribution which it had against Henrici. Coast then filed a petition seeking a citation to discover assets of Henrici. Henrici objected, maintaining that the city had no enforceable judgment in contribution against him. The circuit court of Sangamon County denied Coast's petition and dismissed the supplementary proceedings. Coast has appealed from that order. We affirm.

Supreme Court Rule 277 (87 Ill. 2d R. 277) provides that a supplementary proceeding, such as a citation to discover assets, the pleading in question in the instant case, "may be commenced at any time with respect to a judgment which is subject to enforcement." Therefore, the root question to be answered in the case at bar is whether Coast, as assignee of any judgment or right formerly held by the city, held a judgment subject to enforcement against Henrici. The validity of the assignment is not at issue on appeal.

The answer, of course, depends on the underlying proceedings which we have recapitulated at some length above. We are aware of the difficulties which faced the trial court and counsel in that matter. The claims and the pleadings were of great complexity. At the time of trial the supreme court's decision in *Coney v. J.L.G. Industries, Inc.* (1983), 97 Ill. 2d 104, 454 N.E.2d 197, had not yet been handed down and therefore contribution claims under the strict liability counts were of dubious significance, although comparative negligence and its handmaiden, contribution, were well established. This placed a considerable onus on court and counsel to see that the jury was properly instructed and that proper verdict forms were submitted. We have concluded that that burden has not been sustained.

When a lawsuit is tried on combined claims of comparative negligence and contribution (and we may add parenthetically on combined claims of strict liability and assumption of risk and/or misuse in

post-*Coney* cases), the jury must be instructed separately and return separate verdicts on the claims. It has been established that the degree of comparative negligence does not *per se* yield the same percentage of contribution. *Laue v. Leifheit* (1983), 120 Ill. App. 3d 937, 458 N.E.2d 622, *aff'd on other grounds* (1984), 105 Ill. 2d 191, 473 N.E.2d 939.

The trial court gave the jury two instructions concerning the city's third party complaint against Henrici. One provided, in pertinent part, as follows:

"In this suit, there is not only the complaint of the plaintiff but also a counterclaim by the defendant, City of Springfield, a municipal corporation, against Coast Catamaran and Coleman Company, Inc., and a third party complaint by the City of Springfield against Philip Henrici.

The City of Springfield has the burden of proving each of the following propositions as to Coast Catamaran, Coleman Company, Inc. and Philip Henrici:

That each of those defendants acted or failed to act in one of the ways claimed by the City of Springfield as stated to you in these instructions and that in so acting, or failing to act, caused the death of Jana Louise Welch or the claimed injuries to Philip Henrici."

The other instruction provided, in part, as follows:

"The City of Springfield, a municipal corporation, has filed a third party complaint against Philip Henrici and claims that Philip Henrici was negligent in one or more of the following respects:

\* \* \*

That the third party plaintiff, City of Springfield, a municipal corporation, further claims that one or more of the foregoing was the proximate cause of the death of Jana Louise Welch or of any claimed injuries to Philip Henrici."

If these instructions are read in conjunction with the "special interrogatory," by liberal construction they might frame the issue on comparative negligence, although even that is doubtful. Clearly, they were insufficient to instruct the jury on the question of contribution. The city apparently recognized the error by requesting in its letter to the trial court that there be either a 50% reduction of Henrici's judgment on account of comparative negligence or a 50% contribution by Henrici to the Ogg judgment.

 █ The trial court, as has been indicated, reduced Henrici's judgment against the city by 50% and allowed the full Ogg judgment to stand. The clear implication is that the court found that the percentage

of fault attributable to Henrici was for comparative negligence and not for contribution. In 49 C.J.S. *Judgments* sec. 43, at 102 (1947), it is stated:

> "A judgment will be held sufficient if it disposes of material issues by necessary implication even though it does not do so in formal terms, and as a rule it will be presumed that the court passed on all questions properly presented which under its own ruling it was possible for it to adjudge."

Coast has argued that the "special interrogatory" was in effect a special verdict on which the trial court entered judgment. We do not agree. In the first place, it bears none of the normal indicia of a verdict, but what is more significant, if it were a verdict, it could not support a finding on both comparative negligence and contribution under *Laue*.

Coast has argued further that the procedure involved in the instant case is supported by the supreme court's holding in *Laue* that if an action initiated by the injured party is pending, a claim for contribution must be asserted by counterclaim or third-party claim in the pending action. Coast points out that the supreme court's decision was an attempt to avoid multiple trials and inconsistent verdicts. Although it is true that the city properly filed its third-party complaint for contribution in the pending action, it does not necessarily follow that the rest of the procedure was correct. Separate findings on contribution and comparative negligence could have been made by the jury had the issues been properly submitted to the jury. Requiring separate findings would not have increased lawsuits or encouraged inconsistent verdicts. The single form used by the jury was improper. It did not separately assess Henrici's liability to others for purposes of contribution and lack of due care for his own safety for purposes of comparative negligence.

In summary, we find that the trial court entered a judgment finding that Henrici's percentage of fault on the basis of comparative negligence was 50% and reduced his judgment against the city accordingly. The trial court denied the city's claim for contribution. It therefore follows that the city had no judgment to assign to Coast and the trial court was correct in dismissing the supplemental proceeding. The order of the circuit court of Sangamon County is affirmed.

Affirmed.

GREEN and MORTHLAND, JJ., concur.