GLEN D. MIKRUT, Plaintiff-Appellant, v. ANTHONY SENDRA, Defendant-Appellee.

Second District   No. 85—0319

Opinion filed June 24, 1986.

Douglas W. Graham, of Chicago, for appellant.

Brenner, Mabrias, Dorn & Alm, of Chicago, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Glen D. Mikrut, driver, and his passenger, Juli K. Gruse, not a party to this appeal, brought a single complaint in negligence against defendant, Anthony Sendra, the driver of a second vehicle which collided with plaintiff's vehicle. Defendant brought a counter-

claim for contribution against plaintiff on Gruse's claim against defendant. The jury returned a verdict for Gruse against defendant in the amount of $6,000. The jury also returned a verdict for plaintiff against defendant finding that plaintiff's damages were $12,500 and, after finding plaintiff 20% negligent, reduced the damages awarded to $10,000. The trial judge, who at defendant's request had previously refused to submit the issue of contribution to the jury because he determined that under the facts the percentage of plaintiff's comparative negligence was the same as his percentage of contribution owed to the defendant, entered judgment for defendant against plaintiff on the counterclaim for contribution in the amount of $1,200 (20% of the $6,000 verdict for Gruse).

Plaintiff appeals contending that the trial court erred: (1) in refusing to give plaintiff's tendered instruction that defendant had the burden of proving plaintiff's contributory negligence on plaintiff's negligence action and plaintiff's negligence in defendant's counterclaim for contribution against plaintiff; and (2) in determining as a matter of law that the percentage of comparative fault determined by the jury in plaintiff's negligence action against defendant was the same contribution percentage due defendant from plaintiff on defendant's counterclaim for contribution in Gruse's claim against defendant.

We address first plaintiff's contention that the trial court erred in refusing to submit to the jury the issue of plaintiff's contribution to defendant in the counterclaim. Plaintiff maintains that his comparative negligence in his suit against defendant is predicated on a breach of plaintiff's duty to use ordinary care for his own safety, whereas this duty is not the same as his duty to use ordinary care for the safety of his passenger, Gruse, in determining his contribution to defendant in the counterclaim. He cites as authority our decision in *Laue v. Leifheit* (1983), 120 Ill. App. 3d 937, 458 N.E.2d 622, *aff'd on other grounds* (1984), 105 Ill. 2d 191, 473 N.E.2d 939. Defendant argues that under the facts of this case the trial court correctly ruled that the percentage of plaintiff's comparative negligence as determined by the jury on his suit was the same as his percentage of negligence in defendant's counterclaim for contribution and properly did not submit to the jury for a separate determination the percentage of defendant's contribution on the counterclaim. While the record provided does not include a transcript of the trial proceedings, the verdicts are in the record and indicate that there was no issue presented to the jury of Gruse's contributory negligence in her suit against defendant.

In *Laue v. Leifheit* (1983), 120 Ill. App. 3d 937, 458 N.E.2d 622,

this court determined on one of the issues presented that Laue, the defendant in the original suit brought by Leifheit and other plaintiff members of his family, was not barred under the Contribution Act from bringing his claim for contribution because he failed to assert this claim in the original action. Our supreme court, however, disagreed and held that the statutory language of section 5 of the Contribution Act requires the filing of an action for contribution in the original action. *Laue v. Leifheit* (1984), 105 Ill. 2d 191, 196-97, 473 N.E.2d 939.

The appellate court also determined on another issue before us that Leifheit was not precluded from litigating her liability in the contribution action brought by Laue even though the jury had in the original trial found her comparative negligence at 33%. We reasoned: "The jury's finding that 33% of the combined negligence which caused the damage to Leifheit was attributable to her does not translate to a judgment that she is therefore subject to liability in tort in that percentage as well. Consequently, for purposes of a contribution action, her liability 'in tort' has never been established; only her lack of due care for her own safety." (*Laue v. Leifheit* (1983), 120 Ill. App. 3d 937, 946, 458 N.E.2d 622; see also *Seattle First National Bank v. Shoreline Concrete Co.* (1978), 91 Wash. 2d 230, 588 P.2d 1308, 1314; Prosser, Torts sec. 65, at 419-21 (4th ed. 1971).) It was not necessary for the supreme court to review this issue because the case was disposed of on the other issue presented.

Since our decision in *Laue*, the appellate court, both in *Ogg v. Coast Catamaran Corp.* (1986), 141 Ill. App. 3d 383, 490 N.E.2d 111, and *Carter v. Chicago & Illinois Midland Ry. Co.* (1986), 140 Ill. App. 3d 25, 487 N.E.2d 1267, has followed our decision that the jury must be instructed separately and return separate verdicts on the comparative negligence of the parties and the issue of their contribution for the liability to another party.

■ In the case at bar, the trial court did not follow *Laue*. Instead, it ruled that, under the particular facts of the case, the finding by the jury as to the percentage of plaintiff's comparative negligence would be the same as the percentage of contribution owed to the defendant in the counterclaim. While the percentage generally may be the same, unless waived the defendant in a contribution action is entitled to a verdict of the jury allocating the *pro rata* share of common liability. The counterclaim for contribution here is a separate claim made against plaintiff by defendant for which the jury must first determine if defendant is entitled to contribution and then apportion the damages between the parties. The Illinois Supreme Court Committee

on Jury Instructions in Civil Cases has recently drafted a third supplement to the second edition of the Illinois Pattern Jury Instructions, Civil (2d ed. Supp. 1985) (hereinafter IPI Civil 2d) which has been approved for publication. A new series of instructions on contribution indicates that in a third-party complaint for contribution the jury is to be instructed on the issues raised, the burden of proof of the third-party plaintiff, and the apportionment of responsibility, and is to be given forms of verdicts to make their determinations. (See IPI Civil 2d No. 600 *et seq.* (Supp. 1985).) While multiple issues, instructions, and verdicts relating to comparative fault and contribution may in some instances seemingly complicate the jury process, the benefits derived from the interaction of comparative negligence and contribution determined in a single lawsuit outweigh any potential problems.

■ For the foregoing reasons, we conclude that the trial court erred in applying the percentage of plaintiff's negligence in his suit against defendant as the percentage of his responsibility for contribution to defendant in the separate counterclaim brought by defendant arising out of Gruse's suit against him and in not submitting that issue to the jury. The trial court's judgment on the counterclaim is reversed, and that action is remanded for a new trial.

■ The second issue raised in this appeal is plaintiff's contention that the trial court erred in refusing his tendered instruction that defendant has the burden of proof to show that plaintiff was negligent in both plaintiff's action against him and on his counterclaim for contribution against plaintiff. After the briefs in this appeal were filed, our supreme court in *Casey v. Baseden* (1986), 111 Ill. 2d 341, 490 N.E.2d 4, held that in comparative negligence, a defendant, who stands to benefit from a showing that the plaintiff was negligent, should have the burden of persuading the trier of fact on that issue. (111 Ill. 2d 341, 347, 490 N.E.2d 4.) Thus, in plaintiff's cause of action against defendant, the jury should have been instructed that defendant has the burden of proving his claim that plaintiff was contributorily negligent on the damages issue once liability was shown. See IPI Civil 2d No. A21.03 (Supp. 1985).

We note that the instructions which were given at trial do not indicate that plaintiff must prove his freedom from fault on the damages issue. The instructions are silent on this issue. As a general rule, reversal will not be ordered on the basis of faulty jury instructions unless the jury is misled thereby, and the complaining party suffered prejudice. (*Roman v. City of Chicago* (1985), 134 Ill. App. 3d 14, 18, 479 N.E.2d 1064.) However, because we reverse and remand for a new trial on the counterclaim for contribution we also believe that un-

der the circumstances here the original cause of action between the same parties should be reversed and remanded for a new trial before a jury properly instructed as to the burden of proof on plaintiff's contributory negligence.

On defendant's counterclaim for contribution, which we have reversed for the reasons stated above, the jury should also have been instructed that defendant has the burden of proving his claim for contribution (IPI Civil 2d No. 600.06 (Supp. 1985)), and on retrial of the contribution action such an instruction should be given.

The judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

HOPF and LINDBERG, JJ., concur.