**Leonard B. Rhodes, Plaintiff-Appellee, v. Marie M. Rhodes, Defendant-Appellant.**

Gen. No. 66–110.

Second District.

April 24, 1967.

435

Jurco, Damisch & Sinson, of Chicago, and Carbary, Carbary & Chapski, of Elgin, for appellant.

Reid, Ochsenschlager, Murphy and Hupp, and Stephen J. Mrkvicka, of Aurora, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

This case originated as a divorce action wherein Leonard B. Rhodes was plaintiff and Marie M. Rhodes, defendant. During the course of the litigation, the defendant filed a separate maintenance suit in the Circuit Court of Cook County, which suit was transferred to the Sixteenth Judicial Circuit, Kane County, where the divorce action was pending.

The divorce proceeding was set for trial on March 14, 1966. Before it was called, the parties met outside of the courtroom and attempted to reach a verbal settlement as to their property rights, and apparently believed that they had done so. Counsel for the plaintiff, in the presence of defendant's counsel, then advised the court that an agreement had been reached, asked the court to continue the matter, and stated: "We will work it out within the next week." He further related that the case would be dismissed, and that all that the parties sought to accomplish was a settlement of their property rights.

The judge, before leaving the courtroom, asked that plaintiff's counsel dictate the terms of the agreement to the court reporter. Such counsel, with some assistance from defendant's counsel, then attempted to dictate the matters which said parties had agreed upon. The parties, apparently, were not present and the statement which was dictated to the court reporter, was essentially as follows:

"The pending lawsuit will be dismissed by stipulation between the parties without prejudice to either party filing an additional suit or subsequent suit should they ever elect to do so.

"However, we have agreed that we will settle the property rights, namely, all right, title, and interest which Mr. Rhodes might have in the property of Mrs. Rhodes will be relinquished by him, as will

any rights he may have for support or alimony from her. Likewise, Mrs. Rhodes will relinquish any such similar interest in his property or any obligations for support resulting from the marriage.

"There was one exception to this, however. The agreement is to expressly contain a stipulation that she is not waiving any right, title, or interest which she might have by virtue of the Social Security Laws of the United States of America.

"In consideration of this, Mr. Rhodes is to pay to Mrs. Rhodes in full settlement, including his share of any attorneys' fees which she might have incurred, or expenses, or costs, the amount of $13,500.00 and agrees to and will execute any documents requested by them which would convey to her any interest in any property which she now owns which was her own and exclusive of anything she might have obtained of this marriage upon request. This would include any property in which she might have an interest as well as property in which she does have an interest.

"Mrs. Rhodes in return will execute a quitclaim deed to any real estate now owned by Mr. Rhodes alone or in joint tenancy with her. She will also convey to him all of her interest in any stock certificates which are now standing in their joint names or have in the past stood in their joint names."

Thereafter, the plaintiff submitted to the defendant a proposed written agreement embodying the terms of the oral agreement, as the plaintiff envisioned them. The defendant refused to sign the instrument on the ground that it did not provide for her the protection which had been agreed upon relative to her continued receipt of social security benefits.

The plaintiff then filed an amendment to his second amended complaint alleging that the parties had arrived

438

at a settlement agreement; that its provisions were dictated to the court reporter, and a copy of parts of the "report of proceedings" containing this dictation was attached to the amended complaint; and that the plaintiff was ready and willing to perform said agreement, but that the defendant had failed and refused to do so. The plaintiff prayed for specific performance of this agreement.

The defendant answered this amendment, admitted that the parties had arrived at a settlement, and stated that under the terms thereof, she was to continue to receive the social security benefits which she was presently receiving, and which would result in a benefit to her during her lifetime of $50,000, but that the plaintiff refused to insert in the agreement certain necessary provisions to assure to her the continued receipt of such benefits. She further asserted, on information and belief, that the purported settlement agreement was a fraud and a sham in that, as soon as she conveyed certain property to the plaintiff pursuant to the terms of the written agreement, he intended then to immediately seek a decree of divorce; and that such decree would terminate the defendant's social security benefits.

The plaintiff, pursuant to section 45(5) of the Civil Practice Act (Ill Rev Stats 1965, c 110, par 45(5)), moved for a judgment on the pleadings relative to the property settlement agreement. The trial court granted the plaintiff's motion and ordered the defendant to sign the written agreement, which, according to the trial court, embodied the terms of the dictated property settlement agreement. This written agreement, which the court ordered the defendant to sign at that time, had not been made a part of any of the pleadings.

The defendant contends that the trial court erred in granting judgment on the pleadings without the benefit of evidence; that no final or binding agreement had been reached; that the defense of fraud was admitted

for the purpose of plaintiff's motion; and that the Circuit Court of Cook County erred in transferring the separate maintenance action.

 It is well-settled that the court may consider only those allegations contained in the motion for judgment on the pleadings which are admitted by the other party. A. A. Erickson Bros., Inc. v. Jenkins, 41 Ill App 2d 180, 188, 189, 190 NE2d 383 (1963); Dryz v. Bol, 19 Ill App2d 406, 409, 153 NE2d 859 (1958). All well-pleaded facts and all fair inferences which can be drawn from the other litigant's pleadings are taken as admitted by the moving party. Schmidt v. Landfield, 20 Ill2d 89, 90, 169 NE2d 229 (1960); A. A. Erickson Bros., Inc. v. Jenkins, supra; Dryz v. Bol, supra. Where the pleadings put in issue one or more material facts, under the foregoing rules, evidence must then be taken to resolve such issue or issues of fact, and a judgment may not be entered on the pleadings. Thillens, Inc. v. Hodge, 2 Ill2d 45, 57, 116 NE2d 886 (1954); Minor v. Universal C. I. T. Credit Corp., 27 Ill App2d 330, 332, 170 NE2d 5 (1960).

The written agreement which the trial court ordered the parties to execute was substantially more precise and detailed than the alleged oral agreement set forth in the amendment to the complaint. Also, it contained additional items, such as the provisions that each party had been fully informed of the wealth, income and estate of the other and the value thereof; that the terms of the agreement may be incorporated into any decree of divorce which might thereafter be entered in favor of either of the parties; that nothing in the agreement should be construed to affect, limit or terminate the rights of either of the parties to any benefits to which they might be entitled under the Social Security provisions of the statutes of the United States; and that it is anticipated that the defendant shall continue to receive

■

such benefits as long as the plaintiff and the defendant are married.

It may well be that these provisions indicated the intent of the parties, who may have expressly agreed relative to them prior to entering the courtroom. However, these provisions were not a part of the dictated agreement, and such agreement under the allegations of the amendment to the complaint, was the negotiated settlement agreement.

■ The order of the trial court is patently erroneous in that it specifically enforces an agreement which is broader and more detailed than that alleged in the amendment to the complaint; yet, the judgment purports to be based solely on the dictated agreement. If the judgment on the pleadings was otherwise proper, it would still be erroneous in this respect. See: Park Ave. Lumber v. Nils A. Hofverberg, Inc., 76 Ill App2d 334, 344, 345, 222 NE2d 49 (1966).

Under the facts of this case, a judgment on the pleadings was not appropriate in any event. The real dispute between the parties with reference to the settlement agreement, was the nature and extent of the social security benefits which the defendant was to receive. Obviously, these benefits were of special concern to her. The plaintiff contended that the dictated agreement, as well as the written, provided that the social security benefits were to continue only as long as the parties remained married. The defendant's answer asserted that something more was agreed to by the parties with regard to the social security benefits. It is a fair inference from the defendant's pleadings that she was insisting that she be guaranteed, in some manner, that she would continue to receive an amount equal to her social security benefits, whether or not the parties subsequently were divorced; and that she did not waive this right under the dictated agreement. We believe that the defendant is

441

entitled to introduce such relevant evidence as she may have to support her contention in this respect.

■ The plaintiff's interpretation of the agreement relative to social security benefits gives nothing to the defendant which she would not have been entitled to continue to receive had there been no settlement agreement between the parties. The record indicates that without any agreement, the defendant would continue to receive the benefits she previously had received until the time when one of the parties obtained a divorce. The court ordered the defendant to sign the written agreement which was attached to said order; however, the plaintiff's amendment, which sought specific performance, was based on the dictated agreement. Under the plaintiff's version of the dictated or negotiated agreement relative to social security benefits, as expressed in the written agreement enforced by the court, the following words from the dictated agreement: "The agreement is to expressly contain a stipulation that she (the defendant) is not waiving any right, title or interest which she might have by virtue of the Social Security Laws of the United States of America," have been given a meaning far different from that asserted by the defendant. Each party is entitled to introduce relevant evidence to support his or her contention relative to the meaning of the language used in the dictated statement pertaining to the defendant's social security benefits. If the evidence establishes that the parties did make a final agreement, then their intention should be determined therefrom. However, previous agreements, negotiations and circumstances may be considered in determining the meaning of specific words and clauses. Martindell v. Lake Shore Nat. Bank, 15 Ill2d 272, 283, 154 NE2d 683 (1958) ; Coney v. Rockford Life Ins. Co., 67 Ill App2d 395, 400, 214 NE2d 1 (1966).

■ The defendant's answer was sufficient to raise the following material issues of fact: whether there

was a meeting of the minds of the litigants in the witness room, where the agreement supposedly was reached; whether the summary thereof dictated by their counsel to the court reporter, in their absence, accurately reflected what had been agreed to, if there was, in fact, an agreement; and if there was an agreement, what, in fact, was agreed to with respect to the social security benefits. Relevant evidence would give the court an adequate basis for the determination of such issues, and in event the evidence should establish the existence of a definite contract, the court could then determine whether the diversity of opinion was occasioned by the decision of either of the parties that what he or she had agreed to had been unwisely done.

Since the defendant's answer adequately raises an issue of fact as to what was agreed to by the parties in their conference, the judgment of the trial court is reversed and the cause is remanded with directions to overrule plaintiff's motion for a judgment on the pleadings and for further proceedings herein on the merits of the issues thus raised.

We have examined the record and find no merit in the defendant's contention that the Circuit Court of Cook County erred in transferring the separate maintenance action to the Sixteenth Judicial Circuit, Kane County, where the divorce action was pending.

█ The defendant has suggested that other valid legal defenses were raised by her answer. In view of our holding, we have not considered such defenses. She also has raised other theories, as the basis for denying plaintiff's right to the relief sought, which were not presented in her answer to the court below and which we have not considered. Bremer v. Bremer, 4 Ill2d 190, 192, 122 NE2d 794 (1954); McMillen v. Rydbom, 56 Ill App2d 14, 28, 205 NE2d 813 (1965).

The validity of the dictated agreement was not questioned in the trial court. However, it provided for the

443

dismissal of the pending lawsuit, which ostensibly included both the divorce and separate maintenance actions; and it further provided that each party litigant relinquished all right to support or alimony from the other.

██ While a husband and wife may make a valid agreement with respect to mutual property rights or for the settlement of claims for alimony or support, such agreement is against public policy where it attempts to relieve the husband from his legal obligation to support his wife. Illinois cases have consistently held that such provision renders the agreement unenforceable. Likewise, the purpose which motivated the agreement may render it void as against public policy. Berge v. Berge, 366 Ill 228, 230, 231, 8 NE2d 623 (1937); Vock v. Vock, 365 Ill 432, 434, 435, 6 NE2d 843 (1937); VanKoten v. VanKoten, 323 Ill 323, 326, 327, 154 NE 146 (1926); Henderson v. Henderson, 290 Ill App 448, 456–461 incl., 8 NE2d 545 (1937). Also see: Laleman v. Crombez, 6 Ill2d 194, 196–200 incl., 127 NE2d 489 (1955). Upon remandment, this question should receive the attention and consideration of the court and the parties.

Accordingly, the judgment is reversed and remanded pursuant to the directions above stated.

Reversed and remanded with directions.

ABRAHAMSON and MORAN, JJ., concur.