MERLIN C. HARTLETT *et al.*, Plaintiffs-Appellees, *v.* GEORGE A. DAHM, Defendant-Appellant.

Second District    No. 80-205

Opinion filed March 3, 1981.

Joslyn & Green, P. C., of Woodstock (James A. Campion, of counsel), for appellant.

Simon Stickgold, of Woodstock, for appellees.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

Plaintiffs and defendant are neighbors who reside respectively at 1220 and 1212 Zimmerman Road in Doer Township, McHenry County. The parties own these properties which are approximately one-acre parcels. At the time of the filing of the complaint in this action, both properties were zoned F Farming under McHenry County zoning ordinance. Under the present zoning ordinance, both properties are designated as A-1 Agriculture.

Plaintiffs filed a complaint against the defendant for a permanent injunction to enjoin the defendant from using his property for any purposes other than those authorized by the McHenry County zoning ordinances and also from storing, maintaining, repairing or using in or upon his premises any and all portable machinery and equipment which is used in conjunction with his business operations that are conducted under the name of George A. Dahm and Son, or any other similar designation.

After the defendant filed his answer, the trial court granted plaintiffs' motion for judgment on the pleadings. The court also granted plaintiffs' prayer for injunctive relief. Defendant then moved to vacate the injunction alleging that the county zoning act (Ill. Rev. Stat. 1979, ch. 34, par. 3151) prohibits McHenry County from imposing zoning regulations on the land used for agricultural purposes. The trial court denied the defendant's motion and this appeal followed.

On appeal, the defendant first contends that the trial court erred in granting plaintiffs' motion for judgment on the pleadings because material issues of fact remain to be resolved.

We agree. A motion for judgment on the pleadings tests the sufficiency of the pleadings by determining whether the plaintiff is entitled to the relief sought by his complaint or, alternatively, whether defendant by his answer has set up a defense which would entitle him to a hearing on the merits. (*Pied Piper Yacht Charters Corp. v. Corbel* (1974), 17 Ill. App. 3d 281, 283; *Hartford Accident & Indemnity Co. v. Case Foundation Co.* (1973), 10 Ill. App. 3d 115, 120-21.) The motion must be denied if there is any material issue of fact; furthermore, the motion admits the truth of the facts well pleaded by the opposite party. (*Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 553.) In addition, the moving party admits the untruth of his own controverted allegations. (*Arlington Heights National Bank v. Village of Arlington Heights* (1965), 33 Ill. 2d 557, 561.) With these standards in mind we have reviewed the plaintiffs' complaint and the defendant's answer, including his affirmative defense.

The substance of plaintiffs' complaint was that the principal use of defendant's property was as a business for the storing, repairing and using of heavy machinery and equipment, and that this use resulted in the emission of odors, dirt, gas fumes, smoke and noise vibrations. Plaintiffs also alleged that in connection therewith the defendant stored combustible fuels, corrosive and dangerous chemicals. Allegedly, the defendant frequently hosed down the storage tanks so that the runoff escaped from the defendant's land and damaged the grass and vegetation on plaintiffs' property. Plaintiffs further alleged that defendant brought large trucks containing anhydrous ammonia onto defendant's premises. These trucks emitted pungent and noxious odors. The plaintiffs also alleged that defendant's use of the property, which allegedly violates McHenry County zoning ordinances, has diminished the saleability and rentability of plaintiffs' property and has rendered their property less habitable; moreover, this use has altered the character of the neighborhood in such a manner as to destroy the value of plaintiffs' property. The defendant denied substantially all the allegations in plaintiffs' complaint.

In view of the posture of the pleadings, in this case, the facts on which the trial court could have based its judgment on the pleadings are limited, substantially, to those which the defendant has admitted or asserted in his affirmative defense. Those facts are the following: (1) that the defendant's sole business or occupation is farming of leased properties in McHenry County; (2) that he stores and maintains all of his farming machinery and equipment on the subject premises, and with the exception of his house, all other buildings on the premises are used for storage and repair of his farm machinery and equipment; (3) that all starting and

stopping of motors of the farm equipment is done solely in conjunction with the defendant's farming operations; (4) that gasoline and other chemicals are stored and used solely in conjunction with the defendant's farming business; and (5) that the overnight storage of trucks containing anhydrous ammonia is done in connection with and directly related to the defendant's farming business.

It becomes immediately evident that a material issue of fact does exist as to whether the defendant was engaged in the principal business of repairing and maintaining heavy machinery and equipment on the subject premises. Plaintiffs argue that the defendant's admission to the storing, repairing and maintenance of farm machinery and equipment, even if used solely and exclusively in connection with the defendant's primary occupation of farming, is sufficient to sustain their claim for relief. They assert that this admitted use is not permitted on the subject property under the present A-1 Agricultural zoning, nor was it permitted under the F Farming zoning in effect at the time of the filing of their complaint. Our initial answer to this argument is that this was not the theory set forth in the complaint upon which their claim rested or upon which the trial court ruled.

■■ Even if this had been a theory upon which the trial court could have ruled, the plaintiffs have denied all the factual allegations in the defendant's affirmative defense. The plaintiffs themselves have thereby created issues of fact in the matters which they assert should entitle them to relief.

■■ Moreover, material issues of fact still exist with regard to the question of whether or not the plaintiffs were damaged as a result of defendant's conduct and whether that damage or injury was substantial. Under Illinois law, an injunction will not issue to restrain a mere violation of an ordinance. To maintain such an action the plaintiffs must establish by clear and distinct evidence that they are personally sustaining or will sustain a substantial injury. *Cuneo Press, Inc. v. Warshawsky & Co.* (1960), 24 Ill. App. 2d 163, 170-71.

■■ As stated above, plaintiffs do allege injury in their complaint. They assert that the defendant's activities were damaging the grass and vegetation on their property; that the storage of trucks containing tanks of anhydrous ammonia on the property resulted in the emission of pungent and noxious odors; that the starting and stopping of motors by the defendant resulted in the emission of odors, dirt, gas fumes, smoke, noise vibrations and waste. The plaintiffs also alleged that as a result of these activities the saleability and rentability of plaintiffs' property was diminished and the properties were made less habitable; thus, defendant's activities have caused irreparable injuries to plaintiffs. Each and every one of these allegations, however, was specifically denied by the defendant. For the purpose of a motion for judgment on the pleadings, plaintiffs'

controverted allegations of injury must be assumed to be untrue. Material issues of fact did exist, and the trial court erred in granting the motion for judgment on the pleadings.

■■ Further, the injunction order was overly broad, vague and nebulous. In its first paragraph it enjoins the defendant from using his property at 1212 Zimmerman Road in any manner that would violate the provisions of McHenry County zoning ordinance. This is done without reference to or limitation of defendant's purported conduct, which is questioned in this matter.

In the second paragraph, it restrains the defendant from storing, maintaining, repairing or using upon his premises any and all machinery or equipment used in connection with his business operations conducted under the name of George A. Dahm & Son or any similar designation. The injunctive order that was entered sets no limitation upon the type of machinery or equipment prohibited. Any and all machinery equipment used on defendant's premises in connection with defendant's business or operations is prohibited. By its terms, the order could conceivably prohibit the use of office equipment. The injunction is, therefore, more extensive than is required to protect plaintiffs' interests; moreover, it may unnecessarily prevent defendant from exercising his right lawfully to use his property. As Justice Jones stated in *People ex rel. Traiteur v. Abbott* (1975), 27 Ill. App. 3d 277, 282-83:

> "The restraint imposed by an injunction should not be more extensive than is reasonably required to protect the interests of the party in whose favor it is granted, and should not be so broad as to prevent defendant from exercising his rights. [Citations.] The terms of an injunction should be as definite, clear and precise as possible in order that there may be no excuse or reason for misunderstanding or disobeying it. [Citation.] A proper injunction order must couch its directions or prohibitions 'in terms so definite, clear and precise as to demand obedience or to be capable of enforcement or execution.' [Citations.]"

The injunctive order entered by the trial court is, therefore, overly broad.

The judgment of the trial court granting the plaintiffs' motion for judgment on the pleadings is reversed and the cause is remanded to the circuit court for the 19th Judicial Circuit, McHenry County, for further proceedings not inconsistent with this opinion.

Reversed and remanded.

SEIDENFELD, P. J., and REINHARD, J., concur.