ROBERT R. EGAN, Plaintiff-Appellant, v. ROSEMARY C. STEEL *et al.*, Defendants-Appellees.

First District (4th Division)   No. 84—2433

Opinion filed October 17, 1985.

Katten, Muchin, Zavis, Pearl & Galler, of Chicago (Donald E. Egan and Patrick J. Lamb, of counsel), for appellant.

Altheimer & Gray, of Chicago (Sherwin J. Stone, David C. Roston, and Steven I. Berlin, of counsel), for appellees.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, Robert R. Egan (Egan), appeals from a trial court order granting judgment on the pleadings in favor of defendant, Rosemary C. Steel (Steel), and ordering escrowee-defendant, Draper & Kramer, Inc., to return to Steel earnest money it was holding pursuant to a real estate sales agreement between Egan and Steel. On appeal, Egan contends that the trial court erred by failing to consider certain disputed material issues of fact evidencing that Steel waived her right to void the sales agreement and also that Steel was estopped from voiding the agreement, thus foreclosing judgment on the pleadings in favor of Steel. We reverse and remand for further proceedings.

BACKGROUND

On April 25, 1984, Steel contracted to purchase from Egan 110 shares of capital stock in 1320 North State Street Apartments, Inc., pursuant to a Cooperative Real Estate Agreement (sales agreement). The sale carried with it the privilege of residing in apartment 12-B on the premises owned by the cooperative corporation. Paragraph 14 of the agreement provided that if Egan did not obtain and deliver to Steel by May 25, 1984, written approval by the corporation's board of directors for sale of the stock to Steel and for sublease to Steel's son, either party would have the right at any time thereafter to void the agreement by serving written notice to the other, and Steel would be entitled to the return of her $29,500 earnest money deposit. Paragraph 14 provided in pertinent part:

> "If written approval of the sale by the Board of Directors of the 1320 North State Street Corporation is not received on or before thirty (30) days after the date of the seller's acceptance hereof together with written approval of the subleasing of the Premises [to Steel's son] as set forth in Paragraph 20 below, this Contract shall, at the election of either party and upon written notice to the other party, become null and void and all earnest money and accrued interest returned to the purchaser."

Prior to May 23, 1984, Steel and her son appeared before a screening committee of the board of directors as a preliminary step in obtaining board approval for the sale and sublease of the premises. On May 23, 1984, the screening committee gave its approval, and on May 24, 1984, Steel met with the board of directors. On or about May 30, 1984, the board of directors approved the sale of stock to Steel, and Steel's counsel was advised of the decision. On May 31, 1984, written board approval was mailed to Steel, and she received it on June 5, 1984.

In her brief, Steel notes that after May 25, 1984, and until June 5 or 6, 1984, it was her intention to close the purchase of Egan's cooperative apartment. Within that time period documents relating to the closing were delivered from Egan's broker to Steel's counsel and a UCC search was ordered by Egan's counsel. Within that period, Steel's counsel represented to Egan's counsel that a copy of the title insurance commitment would, by agreement, be delivered to Egan's counsel so that final preparations for closing could commence. On June 6, 1984, Steel's counsel delivered to Egan's counsel a letter which purported to void the sales agreement on the ground that the board of directors' sale approval was not effectuated by May 25, 1984, as required under the terms of the sales agreement.

On June 11, 1984, Egan filed a verified complaint for declaratory relief against Steel in the trial court. The complaint sought a judgment declaring Steel to be in default of the sales agreement and granting to Egan the right to the escrowed earnest money deposit. Steel filed her verified answer on July 27, 1984. She moved for judgment on the pleadings on August 23, 1984. On October 4, 1984, judgment on the pleadings was entered in favor of Steel by the trial court, and Draper & Kramer was ordered to return the earnest money deposit to Steel.

OPINION

The only issue before this court is whether the trial court correctly entered judgment on the pleadings in favor of Steel. It is apparent that the trial court concluded that Steel had an absolute right to void the sales agreement pursuant to paragraph 14, since Egan failed to obtain written board of directors' approval of the sale by May 25, 1984.

Egan takes the position that by continuing to participate in the steps required for the closing of the real estate sale and purchase at a time beyond May 25, 1984, Steel effectively waived Egan's obligation to obtain the board of directors' written consent to the sale by the

May 25, 1984, date. Additionally, Egan contends Steel is legally estopped from voiding the sale. Further, Egan urges that the trial court erred in allowing Steel's motion for judgment on the pleadings in that material issues of fact relating to the existence of waiver and estoppel would have to be resolved by a trial on the merits. We agree with Egan.

I

A motion for judgment on the pleadings presents the trial court with a question of law as to whether there exists an issue of fact to be tried in a particular case. (*Murphy v. S-M Delaware, Inc.* (1981), 95 Ill. App. 3d 562, 420 N.E.2d 456.) If any material fact is made an issue, judgment on the pleadings may not be entered. (*Laue v. Leifheit* (1983), 120 Ill. App. 3d 937, 458 N.E.2d 622, *aff'd* (1984), 105 Ill. 2d 191, 473 N.E.2d 936.) This requires that the reviewing court examine the pleadings on file in order to determine if there exists an issue of fact, or if the controversy can be resolved solely as a matter of law. *Murphy v. S-M Delaware, Inc.* (1981), 95 Ill. App. 3d 562, 420 N.E.2d 456.

In the case before us, Egan's complaint for declaratory relief states in pertinent part:

"8. Prior to May 23, 1984, Steel and her son appeared before the Screening Committee of the Board, which approved Steel's purchase and the sublease of the Premises to her son.

9. On May 23, 1984, the Screening Committee conveyed its approval of Steel and her sublease of the Premises to the Board. Steel's counsel, Altheimer & Gray, were advised of the affirmative action of the Board's Screening Committee.

10. On or about May 30, 1984, the Board met and approved the sale of the stock to Steel and the sublease of the Premises to her son. Counsel for Egan was advised of the approval on May 31, 1984, and, on that same day, contacted Steel's counsel, Altheimer & Gray, and advised them that the foregoing had occurred.

\* \* \*

13. Following the Board's approval, Steel, her son, and their counsel, Egan and his counsel, together with their respective brokers proceeded to prepare for the closing of the sale of Stock and sublease of the Premises which was scheduled for June 8, 1984. At no time did anyone of the foregoing assert that Egan was in default because Board approval had not been obtained within 30 days of execution of the Agree-

ment."

Each of these allegations was denied by Steel in her answer.

On appeal, Egan contends that the facts enumerated above sufficiently allege that Steel waived her contractual right to void the sales agreement. Steel, in turn, contends that these facts, although disputed, are not material to the disposition of this case because they do not evince conduct inconsistent with her right to terminate the sales agreement.

Both parties acknowledge the well-recognized principle of law which states that a motion for judgment on the pleadings concedes all well-pleaded facts in the opposing pleadings, here Egan's complaint, and all fair inferences therefrom. (*Hartlett v. Dahm* (1981), 94 Ill. App. 3d 1, 418 N.E.2d 44; *Rhodes v. Rhodes* (1967), 82 Ill. App. 2d 435, 225 N.E.2d 802.) Furthermore, Steel's motion for judgment concedes that the allegations set forth in Steel's answer are considered legally false insofar as they have been controverted by those in Egan's complaint. *Hartlett v. Dahm* (1981), 94 Ill. App. 3d 1, 418 N.E.2d 44; *A.A. Erickson Brothers, Inc. v. Jenkins* (1963), 41 Ill. App. 2d 180, 190 N.E.2d 383.

■■ In the instant case, Steel filed her motion for judgment on the pleadings after filing an answer to Egan's complaint. Applying the aforementioned legal proposition, Steel's denial of Egan's allegations must be regarded as false. Thus our review of the pleadings is reduced to an examination of Egan's complaint in order to determine if there is a material issue of fact with regard to waiver or estoppel, or if the controversy can be resolved solely as a matter of law. (*Murphy v. S-M Delaware, Inc.* (1981), 95 Ill. App. 3d 562, 420 N.E.2d 456.) Put in the context of the legal principles regarding motions for judgment on the pleadings, and mindful of Steel's allegations that Egan's complaint does not allege waiver or estoppel specifically, we must therefore determine whether Egan's allegations state a cause of action for waiver or estoppel such that material issues of fact which must be determined by a trial on the merits exist in this case. See *Pollack v. Marathon Oil Co.* (1976), 34 Ill. App. 3d 861, 341 N.E.2d 101.

## II

■■ "To constitute a waiver it is essential that there is an existing right, benefit or advantage, knowledge, actual or constructive, of its existence, and an intention to relinquish it ***." (*Ferrero v. National Council of Knights & Ladies of Security* (1923), 309 Ill. 476, 481, 141 N.E. 130, 132.) "An implied waiver may arise where a per-

son against whom the waiver is asserted has pursued such a course of conduct as to sufficiently evidence an intention to waive a right *or* where his conduct is inconsistent with any other intention than to waive it." (Emphasis added.) *Kane v. American National Bank & Trust Co.* (1974), 21 Ill. App. 3d 1046, 1052, 316 N.E.2d 177, 182.

In the instant case, Egan contends that his complaint properly states a cause of action for waiver, and that the disputed paragraphs therein allege material issues of fact. Steel, on the other hand, contends that Egan's complaint is deficient because it does not plead waiver specifically, and because the disputed facts are not material to the disposition of this case. We do not agree with Steel's position.

It is basic that "[t]he purpose of pleadings is to inform the court, and the other litigants, of the legal theories which are being relied upon, and to give notice of the factual issues which are to be tried. [Citation.]" (*Mlade v. Finley* (1983), 112 Ill. App. 3d 914, 917-18, 445 N.E.2d 1240, 1243.) To be factually sufficient, a complaint must plead facts which bring the claim within the legally recognized cause of action alleged. (*People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 430 N.E.2d 1005.) Furthermore, pleadings must be liberally construed in order to achieve justice between the parties. Ill. Rev. Stat. 1983, ch. 110, par. 2—603(c).

■ In the case before us, it is uncontroverted that, pursuant to paragraph 14 of the agreement, Steel had an absolute and known right to void the agreement when she did not receive, by May 25, 1984, written board approval of her purchase of stock and sublease to her son. It is apparent from the pleadings that Steel did not void the agreement when her right to do so became vested. The complaint alleges that, from the time that Steel's right to void the contract became vested, until the time that she allegedly exercised that right, Steel continued to prepare for the closing such that her conduct evidenced an intention to waive her known right to void the agreement. When the truth of these well-pleaded facts is admitted, as it must be on a motion for judgment on the pleadings (*Hartlett v. Dahm* (1981), 94 Ill. App. 3d 1, 418 N.E.2d 44), Egan has stated a case. The facts alleged in Egan's complaint at the very least allow us to infer that there exists in this case the possibility that Steel should forfeit her earnest money deposit as liquidated damages because she voided the contract after having intentionally waived her right to do so.

We also believe that Egan has stated material issues as to whether the facts in this case constitute waiver. We base this belief on the reasoning that, since Egan's complaint sufficiently states a

cause of action for waiver, the allegations therein must be material insofar as it is necessary for Egan to prove them in order to succeed on his claim. Consequently, evidence will have to be taken in order to resolve whether or not, based on her conduct, Steel intended to waive her right to void the contract. See *Rhodes v. Rhodes* (1967), 82 Ill. App. 2d 435, 225 N.E.2d 802.

■ Moreover, we are not persuaded by Steel's argument citing *Bennett & Kahnweiler Associates v. Ratner* (1985), 133 Ill. App. 3d 316, 321-22, for the proposition that the question of what constitutes waiver is a question of law. We find this to be only a partial recitation of the rule which continues that whether the facts that constitute waiver exist in a particular case is a question of fact for the jury. (*Business Development Services, Inc. v. Field Container Corp.* (1981), 96 Ill. App 3d 834, 840, 422 N.E.2d 86, 92.) In *Bennett*, the appellate court did not reach the second part of the rule because it properly determined that there were no material facts in dispute. (133 Ill. App. 3d 316, 321.) In the case before us we have already determined otherwise.

■ As a final matter, we iterate the point that a motion for judgment on the pleadings is a pleading motion which here merely tests the legal theory pleaded by Egan. (Ill. Rev. Stat. 1983, ch. 110, par. 2—603(c).) Therefore, we cannot here determine whether there is ample evidence to enable Egan to prevail as might be done on a motion for summary judgment. Rather, we conclude that where a motion for judgment on the pleadings rests only upon the allegations set forth in a legally sufficient complaint, alleging facts which are susceptible of more than one interpretation, entry of judgment on the pleadings by the trial court was improper. In view of the foregoing, we need not address the estoppel argument raised by the parties' briefs.

For all the reasons stated herein, we reverse the decision of the trial court granting Steel's motion for judgment on the pleadings, and remand this case for further proceedings consistent with this opinion.

Reversed and remanded, with directions.

JIGANTI, P.J., and McMORROW, J., concur.