FIFTH DIVISION
 FILED: 5/23/97












No. 1-96-4265

RICHCO PLASTIC CO., an Illinois ) APPEAL FROM THE
corporation, ) CIRCUIT COURT OF
 ) COOK COUNTY
 Plaintiff-Appellee, )
 )
 v. )
 ) 
IMS COMPANY, an Ohio Corporation, ) HONORABLE
 ) CLARENCE S. LIPNICK,
 Defendant-Appellant. ) JUDGE PRESIDING.


 JUSTICE HOFFMAN delivered the opinion of the court:
 The defendant, IMS Company (IMS), appeals from an order of the
circuit court striking its affirmative defenses in this breach of
contract action and entering judgment on the pleadings in favor of
the plaintiff, Richco Plastic Co. (Richco). For the reasons which
follow, we affirm the order striking the defendant's affirmative
defenses, reverse the judgment on the pleadings entered in favor of
the plaintiff, and remand this action to the circuit court for
further proceedings.
 The admitted allegations in the plaintiff's complaint reveal
that the plaintiff purchased certain items of equipment from the
defendant in January 1994. After the transaction, a dispute arose
between the parties involving the items purchased. The plaintiff
contends that the parties entered into a settlement agreement
pursuant to which the defendant agreed to pay $11,000 to the
plaintiff in return for a release of the defendant and Hurricane
Pneumatic Conveying Systems, Inc. from any and all liability
relating to the malfunction of the equipment purchased by the
plaintiff. The plaintiff forwarded an executed release to the
defendant on November 21, 1994. On December 3, 1994, the defendant
forwarded a check to the plaintiff's counsel in the sum of $11,000
payable to the plaintiff. On December 13, 1994, however, the
defendant stopped payment on its check, and this litigation
followed.
 The plaintiff filed its complaint alleging, inter alia, that
it accepted the defendant's offer of settlement, executed and
delivered its release, but the defendant refused to pay the agreed
sum of $11,000. The defendant answered the plaintiff's complaint,
admitting some of its allegations and denying others. 
Additionally, the defendant raised five affirmative defenses,
namely: "No Meeting of the Minds", "Mutual Mistake", "Unilateral
Mistake", "Agreement to Rescind", and "No Agency". Thereafter, the
plaintiff filed a motion pursuant to section 2-615 of the Code of
Civil Procedure (Code) (735 ILCS 5/2-615 (West 1994)), seeking both
an order striking the defendant's affirmative defenses and judgment
on the pleadings. The circuit court granted the plaintiff's
motion, struck the defendant's affirmative defenses and entered a
judgment in favor of the plaintiff for $11,000, plus interest and
costs. The parties have stipulated that the court also denied the
defendant's oral motion to file amended affirmative defenses. This
appeal followed. 
 First, we address the propriety of trial court's order
striking the defendant's affirmative defenses. In this case, the
defendant's five affirmative defenses are based upon certain core
facts presumptively common to all. The defendant pled that the
plaintiff's attorney contacted the defendant by telephone to
negotiate a full settlement of the plaintiff's claim, and
represented that he was acting on behalf of the plaintiff. The
defendant admits that it received a release document and forwarded
a check for $11,000 to the plaintiff's attorney. The defendant
goes on to claim, however, that after it forwarded its check, the
"[d]efendant telephoned [p]laintiff directly in order to confirm
the terms of the proposed settlement and the ongoing business
relationship of the parties." During that conversation, according
to the defendant, "both parties expressed dissatisfaction with the
settlement proposed by the plaintiff's attorney and the fact that
it did not reflect the parties' intentions." The defendant also
alleged that the "[p]laintiff agreed to return [d]efendant's check
for $11,000 upon its receipt, and the [d]efendant agreed to return
[p]laintiff's release so that the parties could negotiate a
mutually agreeable settlement." On the strength of these
allegations, the defendant concluded that 1) there was no meeting
of the minds as to the terms of the parties' settlement; 2) a
mutual mistake of fact existed as to the other party's intentions;
3) the defendant operated under a unilateral mistake in believing
that the terms of the settlement reflected the plaintiff's
intentions; 4) the parties mutually agreed to rescind the
settlement agreement; and 5) the plaintiff's attorney was without
authority to consummate the terms of the settlement. Strikingly
absent from the defendant's affirmative defenses are any
allegations as to 1) the terms of the parties' settlement as the
defendant understood them, 2) who on behalf of these two
corporations agreed to rescind their settlement agreement, and 3)
why the plaintiff's attorney lacked the authority to negotiate a
settlement on behalf of his client in the face of a release that
was executed by the president of the plaintiff-corporation. 
 Unlike some jurisdictions that permit notice pleading,
Illinois is a fact pleading jurisdiction. Knox College v. Celotex
Corp., 88 Ill. 2d 407, 426-27, 430 N.E.2d 976 (1981). In order to
set forth a good and sufficient claim or defense, a pleading must
allege ultimate facts sufficient to satisfy each element of the
cause of action or affirmative defense pled. As to the pleading of
affirmative defenses, section 2-613(d) of the Code specifically
provides that "[t]he facts constituting any affirmative defense***
must be plainly set forth in the [defendant's] answer". (Emphasis
added.) 735 ILCS 5/2-613(d) (West 1994). In determining the
sufficiency of any claim or defense, the court will disregard any
conclusions of fact or law that are not supported by allegations of
specific fact. Knox, 88 Ill. 2d at 426; Curtis v. Birch, 114 Ill.
App. 3d 127, 448 N.E.2d 591 (1983). 
 Relying upon the provisions of sections 2-603(c) and 2-612(b)
of the Code (735 ILCS 5/2-603(c), 2-612(b) (West 1994)), the
defendant claims that its affirmative defenses must be liberally
construed, and argues that they contain sufficient information to
advise the plaintiff of its defenses to this action. The
defendant's argument in this regard is virtually identical to the
argument that was made to and rejected by our supreme court in
Knox. See Knox, 88 Ill. 2d at 423-27. 
 As the defendant correctly points out, we review de novo any
order of the circuit court striking a pleading as being
substantially insufficient. Metrick v. Chatz, 266 Ill. App. 3d
649, 651-52, 639 N.E.2d 198 (1994). We have examined the
defendant's affirmative defenses in this action and find them
wholly conclusory and devoid of any factual allegations sufficient
to support the conclusions stated therein with regard to a lack of
a meeting of the minds, mutual mistake, unilateral mistake,
agreement to rescind, or lack of authority on the part of the
plaintiff's counsel. Consequently, we affirm the trial court's
order striking the defendant's affirmative defenses.
 The defendant also argues that the trial court abused its
discretion in denying its oral motion for leave to amend its
affirmative defenses. While leave to amend pleadings is liberally
granted in this State, the right to amend is not absolute. Lee v.
Chicago Transit Authority, 152 Ill. 2d 432, 467, 605 N.E.2d 493
(1992). One of the factors to be considered in determining whether
a party should be granted leave to amend is whether the proposed
amendment would cure the defect in the pleading. Lee, 152 Ill. 2d
at 467. The question of whether leave to amend should be granted
in any particular case is a matter committed to the sound
discretion of the trial court, whose ruling will not be disturbed
absent an abuse of that discretion. Lee, 152 Ill. 2d at 467. 
 The record before us contains neither proposed amended
affirmative defenses, nor a transcript of the proceedings before
the trial court at the time it denied the defendant's oral motion
to amend. We are, therefore, unable to review the trial court's
denial of leave to amend, as we have no basis upon which to
determine if the defendant was capable of alleging facts sufficient
to support its claimed defenses. The burden rests upon the
appellant to provide a sufficient record to support a claim of
error. Landau & Associates, P.C. v. Kennedy, 262 Ill. App. 3d 89,
92, 634 N.E.2d 373 (1994). In the absence of a record sufficient
to permit us to address this issue, we must presume that the trial
court properly exercised its discretion in denying the defendant's
oral motion to amend. See Lake County Grading Company of
Libertyville, Inc. v. Advance Mechanical Contractors, Inc., 275
Ill. App. 3d 452, 460-61, 654 N.E.2d 1109 (1995).
 Finally, we address the trial court's entry of judgment on the
pleadings in favor of the plaintiff. When a party moves for
judgment on the pleadings pursuant to section 2-615(e) of the Code
(735 ILCS 5/2-615(e) (West 1994)), it concedes the truth of the
well-pled facts in the respondent's pleadings (see Cunningham v.
MacNeal Memorial Hospital, 47 Ill. 2d 443, 266 N.E.2d 897 (1970));
all fair inferences that may be drawn from the pleadings in favor
of the respondent (Rhodes v. Rhodes, 82 Ill. App. 2d 435, 225
N.E.2d 802 (1967)); and, for the purpose of the motion, that the
allegations in its own pleadings are false insofar as they have
been contradicted by the respondent in its pleadings. Judgment on
the pleadings is only appropriate when an examination of the
pleadings discloses the absence of any material issue of fact, and
the rights of the parties can be declared as a matter of law. TDC
Development Corporation v. First Federal Savings and Loan
Association of Ottawa, 204 Ill. App. 3d 170, 561 N.E.2d 1142
(1990). 
 In this case, the plaintiff alleged that it "accepted an offer
of settlement *** from [the defendant] IMS in the amount of $11,000
in return for *** [its] release of IMS and Hurricane Pneumatic
Conveying Systems, Inc," and attached a copy of a letter sent by
the plaintiff's counsel to the defendant as an exhibit to its
complaint. In its answer, the defendant admitted only that the
plaintiff's counsel sent the subject correspondence, but denied the
remainder of the allegation. 
 As with any action for breach of an oral contract, the
plaintiff bears the burden in this case to both plead and prove the
essential terms of the agreement sued on; that is, the offer made
and its acceptance. See Martin-Trigona v. Bloomington Federal
Savings & Loan Association, 101 Ill. App. 3d 943, 428 N.E.2d 1028
(1981). The defendant denied that the plaintiff accepted an offer
made by it to settle the parties' dispute for $11,000 in exchange
for a release of liability, and at least to this extent, a triable
issue of fact exists on terms of the settlement reached by the
parties. Because of the denials contained in the defendant's
answer to the plaintiff's complaint, we find that the trial court
erred in entering judgment on the pleadings in favor of the
plaintiff.
 Based upon the foregoing analysis, we affirm the trial court's
orders striking the defendant's affirmative defenses and denying
leave to replead, reverse the judgment on the pleadings entered in
favor of the plaintiff, and remand this action to the circuit court
for further proceedings.
 Affirmed in part and reversed in part; cause remanded.
 HARTMAN, P.J., and SOUTH, J., concur.